COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,

v.

Noah HAYES et al., Appellees.

Court of Appeals of Kentucky.

Oct. 8, 1965.

Robert Matthews, Frankfort, William A. Lamkin, Jr., Frankfort, Charles W. Huddleston, Bowling Green, L. A. Faurest, Elizabethtown, for appellant.

Carmol D. Cook, Hartford, for appellees.

HILL, Judge.

This is an appeal from a judgment for $11,750 awarded appellees by a jury for thirty-four acres taken by appellant out of appellee's farm for use in construction of the Western Kentucky Turnpike, a toll road. The farm contained 124.5 acres before the taking.

Appellant complains of the ruling of the trial court on the admission and rejection of evidence and contends the judgment is excessive.

Before getting into the evidence complained of, the following pertinent facts may be uesful in bringing the situation into focus. The farm is located on a gravel road known as the Liberty Church Road about three miles from Beaver Dam. The road is paved to within a short distance of the farm. About 100 acres of the farm are cleared and in cultivation. Eight acres at the north are in woodland. A 5.3 acre tract of timber is cut off from the farm by the construction of the road; however, this small tract has access to a country road. The right-of-way is taken from the south end of the farm.

First, appellant argues that Commonwealth witness Lewman was required to testify on cross-examination relative to the value of a pond located on the tract taken. This was not improper cross-examination. The appellees had a right to inquire of this witness as to how he arrived

at his valuation. This conclusion is in accord with Commonwealth, Department of Highways v. Tyree, Ky., 365 S.W.2d 472 (1963), and Commonwealth, Department of Highways v. Stamper, Ky., 345 S.W.2d 640 (1961).

■ The next objection is made to appellee Hayes' evidence in regard to the nature of his farming operations, and his testimony that he could not make a living on the reduced acreage after the taking, and in which he fixed the value of his farm equipment. We conclude all this evidence is incompetent; and since this case is being reversed for other reasons, it should not be admitted on a second trial of this case.

Appellees' witness Tim Barnes was allowed on direct examination to testify in detail regarding the different valuations placed by him on various parts of the farm, as well as elements that he considered in arriving at the after valuation. Such evidence was not improper.

■ Appellant further contends the trial court erred in refusing to strike the testimony of appellees' witness McDowell, on the ground that this witness admitted he considered the existence of a barn on the property in fixing his valuation when, in fact, the barn had burned. This witness resided within four miles of the property in question and formerly owned land adjoining it. He was familiar with the farm, the water supply, and the general topography of the farm. He passed it often. In overruling appellant's motion to strike all the evidence of this witness, the court said:

"Ladies and gentlemen of the jury, you will take into consideration the fact that Mr. McDowell was considering the barn there when he set the value of $300 an acre, when in fact the evidence shows that there was not a barn, and naturally that would make the value less than that fixed by Mr. McDowell."

We think this admonition cured any prejudicial effect of the testimony of this witness. The court properly overruled the motion to strike the testimony of this witness.

■ Finally, appellant attacks the verdict as excessive. The amount of the verdict represents a valuation of $345 per acre for the 34 acres taken.

Appellant's witnesses used five comparable sales ranging from $55 per acre to $167 per acre for an average of $123 per acre. Based on these comparisons the 34 acres taken amount to $4,182. The three witnesses for appellant testified the difference in before and after value ranged between $6,100 and $6,613.

Appellee Hayes used five witnesses in addition to testifying himself. According to this testimony, the difference in the before and after value ranged from $14,000 to $18,800. These witnesses did not use comparable sales or give reasons for the difference in before and after value of the remaining land. However, some of the witnesses placed a higher value on the land taken because of a pond located thereon. These witnesses all admitted that the Black farm, immediately across the road from the farm in question, sold for $167 an acre in March preceding the trial of this case in September. This tract, as the farm involved in the present case, was without improvements. Except for the Rest Home Farm and Stevens Farm to which we later refer, appellees' witnesses do not give comparable sales. Neither do they give plausible reasons for the differences in their values before and after the taking. Appellee Hayes testified that he sold the remaining land for $15,100, which included lumber valued at $1,100 on the farm at the time of sale which he intended to use in the construction of a barn. So, he sold the remainder of this farm at the rate of less than $165 per acre.

The Rest Home Farm and the tract sold by Stevens to Ferguson were near the town of Beaver Dam. It is universally known

that land near a town is usually more valuable than that farther out.

We conclude the verdict and judgment is grossly excessive and hence reverse the judgment with direction for a new trial.