**COMMONWEALTH of Kentucky, DEPART-MENT OF HIGHWAYS, Appellant,**

**v.**

**Robert W. SRYGLER et al., Appellees.**

Court of Appeals of Kentucky.

May 20, 1966.

H. C. Smith, Frankfort, Joseph R. Huddleston, Bowling Green, Tildon H. McMasters, Elizabethtown, for appellant.

Davis Williams, Munfordville, for appellees.

WADDILL, Commissioner.

In the construction of a highway designated as I–65, appellant, Department of Highways, condemned 1.37 acres of a 10-acre tract located near Munfordville, in Hart County, which is owned by appellees, Robert and Maybelle Srygler. While neither appellees' home nor any of the other buildings on this tract was taken by the condemnation proceeding, appellant has

placed a 50-foot fill near appellees' residence in constructing an overpass of U. S. Highway # 31 W and has caused large quantities of water to be drained from two interchanges onto appellees' land. A civil engineer employed by appellant testified that this water is expected to be absorbed by natural seepage and evaporation.

■ Upon trial in the circuit court the verdict was as follows:

| Before: | $10,000.00 |
| After: | 3,500.00 |
| Difference | $ 6,500.00 |

It is contended that the award is excessive and that the evidence introduced in behalf of appellees is insufficient to sustain the jury's finding that $10,000 was the fair market value of the tract immediately before institution of the condemnation proceeding. Appellant urges that the testimony of appellees' witnesses as to a $10,000 or more value of the subject property has no probative value and therefore, since the jury was permitted to give this testimony more weight than it was entitled to receive, appellees have obtained an award in excess of the just compensation they should get for their property.

This contention is without substantial basis. Even appellant's two evaluation witnesses testified that the before value of the property was $8,750 and $7,250. This testimony would strongly indicate that the values of from $10,000 to $13,000 which appellees' seven witnesses placed on the property were not exaggerated estimates. Moreover, several of appellees' witnesses testified concerning their knowledge of comparable sales of real estate in Hart County and based their estimates of value on such comparable sales as: a 3-acre tract with improvements similar to and located near appellees' property that sold in 1957 for $14,500; a 3-acre tract with a 5-room house

that sold in 1962 for $9,500, and a 15-acre tract with improvements much less desirable than those on appellees' tract that brought $14,500.

After a thorough consideration of the case we believe that the award, while liberal, is sustainable and is within the proper limits of testimony having probative value.

■ It is contended that the trial court erred in permitting appellees' counsel, over objection, to question one of appellant's witnesses concerning appellant's method of selecting its contrast appraisers. While the type of questions propounded in this case were irrelevant and therefore improper, we find no prejudicial error since this witness answered that he did not know the procedure used by appellant in selecting its appraisers.

■ It is contended further that the trial court erred in permitting counsel for appellees to make, over objection, an improper and prejudicial argument of the case to the jury. Appellees' counsel argued: that if appellees' property had a rental value of $15.00 per month, in 12 months the property would earn $180; that based upon accepted business principles a person should receive 10% on his investment; that $180 capitalized at 10% would result in a value of $1800 for the property from a rental standpoint, and that this rationale tended to show the reasonableness of the after values placed upon this property by appellees' witnesses. Appellant urges that, since it would have been improper to admit testimony of speculative income, it was prejudicially erroneous to allow any speculative argument to be made about the rental value to the jury. However, we have concluded that such an argument was not prejudicial because counsel may, as here, draw reasonable inferences and conclusions from the testimony introduced.

The judgment is affirmed.