**COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,**

**v.**

**Earl OSBORNE et al., Appellees.**

Court of Appeals of Kentucky.

June 9, 1967.

———————◆———————

Robert F. Matthews, Atty. Gen., Frankfort, William A. Lamkin, Jr., Asst. Atty. Gen., Phillip K. Wicker, Department of Highways, Somerset, for appellant.

Grant F. Knuckles, Pineville, for appellees.

MONTGOMERY, Judge.

Earl Osborne and wife were awarded $7,000 in damages in this condemnation proceeding for right of way for a portion of a new road from Pineville to Dorton's Branch. The Department of Highways appeals and insists that the verdict is excessive.

Appellees owned a tract containing 6.64 acres of land located about one mile east of Pineville. This tract was bounded on the south and east by the existing road which ran east from Pineville alongside Straight Creek and turned at a right angle at appellees' east property line. The old road then ran in a northerly direction with appellees' east property line to and over the L. & N. Railroad right of way which formed the north boundary of the tract.

The property had been improved with a one-story brick residence, which was eight years old, and with a 24′ x 39′ frame barn. The house was serviced by a septic tank. The front of the house was about fifty feet from the railroad tracks. The east side was about thirty-three feet from the old road.

The right of way acquired consisted of 1.12 acres in fee simple, part of which was the old roadbed, and .07 acre for two temporary easements. The easements were taken for the purpose of constructing two approaches on opposite sides of the new road, providing access from the barn to the bottom land. The permanent right of way acquired was T-shaped, with the top of the T located along the east boundary of the property. The stem severed the land so that .62 acre on which the house and barn were located was on one side and five acres of bottom land were across the road. The only improvement taken was seventy feet of six-inch field tile used in connection with the septic tank.

The right of way line of the principal portion of the new road is situated about thirty feet from the rear of appellees' residence, while the traveled portion of this part of the road is about sixty feet away.

Along the east property line the right of way line of the new approach is situated a distance of twenty-five to thirty feet from the east side of appellees' dwelling, but the traveled portion of the road is no closer to the east side of the house than it was before the taking.

Two evaluation witnesses for appellant fixed the before value of the property at $18,000 and the average after value at $16,450, for an average difference of $1,550. Four witnesses for the appellees fixed the average before value at $23,250 and the average after value at $11,875, for an average difference of $11,375.

Appellees sought to show that the suitability of the property for a pony farm or for truck gardening was lessened by reason of the severance. While there was testimony that appellees had grazed ponies in the past, there was no testimony that they were so engaged at the time of the taking or that they expected to do so in the future. On particular use, see Commonwealth, Department of Highways v. Priest, Ky., 387 S.W.2d 302. The two new approaches still render the barn and pasture accessible to each other. Photographs introduced in behalf of appellees indicate that no use was being made of the five-acre tract. It appears to have been covered by a weedy growth except for a wet spot.

It was suggested that the new road would create a drainage problem. The landowner testified that the property had been flooded by the waters of Straight Creek to a depth of one inch over the first floor of the house prior to the construction of the new road. Likewise, the nearness of the new road at the rear of the house could not have added greatly to the traffic noise when it is considered that the L. & N. Railroad tracks were within a short distance of the front of the house and the traveled portion of the reconstructed road on the east side of the house was no nearer than that of the old road.

The evidence introduced by appellees when viewed in the most favorable light shows that the conditions complained of for the most part existed before the taking and have been increased only slightly since the taking. The testimony of the witnesses for the appellees lacks the probative value to sustain the exaggerated difference in the before and after values. The award of $7,000 for taking 1.12 acres, the two easements, and seventy feet of field tile is at first blush excessive. Commonwealth, Department of Highways v. Tyree, Ky., 365 S.W.2d 472; Commonwealth, Department of Highways v. Roberts, Ky., 390 S.W.2d 155; Commonwealth, Department of Highways v. Holbrook, Ky., 390 S.W.2d 897; Commonwealth, Department of Highways v. Hayes, Ky., 394 S.W.2d 735; Commonwealth, Department of Highways v. Frazier, Ky., 404 S.W.2d 459. Other questions presented are reserved.

Judgment reversed.

All concur.