COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,

v.

Tilford REPPERT and Florence Saylor
Reppert, His Wife, Appellees.

Court of Appeals of Kentucky.

Dec. 1, 1967.

Robert Matthews, Atty. Gen., H. C. Smith, Asst. Atty. Gen., Frankfort, Phillip K. Wicker, Somerset, for appellant, Kentucky Highway Department.

John P. Allen, Allen & Clontz, Mt. Vernon, for appellees.

OSBORNE, Judge.

This is an appeal by the Department of Highways from a judgment of the Rockcastle Circuit Court awarding damages to appellees in the amount of $20,000 for the taking of 6.96 acres of land. Prior to the condemnation, appellees owned a farm consisting of 39.85 acres. The strip taken was that part upon which was located a dwelling house and several improvements. Appellees are now left with two separate tracts, one of 17.92 acres with a barn, shed and two ponds, which is now landlocked. The other is a tract of 14.97 acres with no improvements. The jury found the before value of $26,000 and an after value of $6,000, thereby awarding $20,000 for the land and improvements taken.

The Highway Department charges that the trial court committed error in two respects. First, the verdict is palpably excessive and not supported by evidence of probative value. Second, that the trial court committed error in its failure to sustain objections made to appellees' closing argument. We will deal with these contentions in reverse order. The closing argument complained of consisted of assertions by counsel that the contract appraisers employed by the Highway Department would always testify to ridiculously low values. And, if the jurors were present in court long enough they would witness this happening time and time again. Even though it might have been improper to refer to what counsel expected the witnesses to do in future cases, it was proper for him

to comment upon what he reasonably believed to be the motives behind appellant's witnesses. Commonwealth, Department of Highways v. Srygler, Ky., 403 S.W.2d 26. Great latitude is allowed in closing arguments. Each advocate is free to draw reasonable conclusions from the facts before the court. Jurors expect this and it has long been accepted in our judicial system. It does not appear that the argument in this instance was so improper as to exceed the rules of propriety.

The next ground for reversal is one that makes its appearance before this court with a great degree of frequency. Appellant contends that the value set by appellees' witnesses was based upon comparable sales and that the sales testified to do not support the values given by the witnesses. While it is true that we have held verdicts excessive when the value set by the landlord's witnesses greatly exceeded all comparable sales. Commonwealth, Department of Highways v. Tabor, Ky., 402 S.W.2d 434; Commonwealth, Department of Highways v. Quisenberry, Ky., 402 S.W.2d 427; Commonwealth, Department of Highways v. Gibson, Ky., 401 S.W.2d 71; Commonwealth, Department of Highways v. Hayes, Ky., 394 S.W.2d 735; Commonwealth, Department of Highways v. Wheat, Ky., 387 S.W.2d 856, 857, these cases all involved property much more closely comparable than that in the present case. For example, the Wheat case, supra, involves city lots, side by side, of the same depth and with identical potential value. In this case the comparables are not so compatible. All the sales were several years before the taking and there was testimony that land values had been increasing in the county during that time. The other farms were all larger and two of them did not front on major highways. One of the sales was between relatives. For these reasons, we do not believe the Wheat rule should apply. This conclusion is further supported by the fact that the Commonwealth's appraisers valued the property at $450 per acre, which is well above the $226 per acre that counsel now argues should be considered its maximum value.

Appellees' witnesses were well qualified. They included a licensed real estate broker and an employee of the Cumberland Production Credit Association. The latter had appraised the farm for a loan shortly prior to these proceedings. We further note that the witnesses for the Commonwealth do not differ greatly with the appellees' witnesses except as to the before value. The testimony is as follows:

### FOR APPELLANT

| Witness | T. E. Page | Before Value | After Value | Difference |
|---|---|---|---|---|
| Gene Spaulding | 38 | $18,000 | $6,500 | $11,500 |
| Lloyd Owens | 66–67 | 18,000 | 6,000 | 12,000 |
| D. M. Cress | 71 | 18,000 | 6,000 | 12,000, |
| Arthur Green | 85 | 17,000 | 5,800 | 11,200 |

### FOR APPELLEES

| Witness | T. E. Page | Before Value | After Value | Difference |
|---|---|---|---|---|
| Tilford Reppert | 120–121 | $27,000 | $4,000 | $23,000 |
| Floyd Owens | 128–129 | 26,000 to 27,000 | 5,000 to 6,000 | 21,000 |
| Willie Lamb | 133 | 24,000 | 4,800 | 19,200 |
| Roy Brown | 139–140 | 26,000 | 6,000 | 20,000 |

We believe the jury, upon the basis of the evidence, was fully justified in accepting the testimony of appellees' witnesses and we do not find the verdict so excessive as to require a reversal.

The judgment is affirmed.

All concur.