J. REGGIE GREER, ADMINISTRATOR OF W. T. GREER, DECEASED, AND ALICE GREER, v. THE BANK OF DAMASCUS AND W. R. BAUGUESS, TRUSTEE.

(Filed 27 January, 1932.)

**Trial A b—Order continuing action upon defendant's paying into court sum in excess of that demanded in the action held erroneous.**

Upon the exercise of the trial judge of his discretionary power of withdrawing a juror and continuing the case, his order that the defendant pay into court an amount in excess of the plaintiff's demand affects a substantial right and is erroneous, and in this case the judgment is modified and affirmed.

APPEAL by defendant from *Oglesby, J.,* at July Term, 1931, of ASHE. Modified and affirmed.

This is a civil action brought by plaintiffs against defendant. "Wherefore, the plaintiffs pray judgment against the Bank of Damascus for the sum of $3,000 and interest on it from 20 September, 1927, until paid, together with the cost of this action."

The defendants denied plaintiffs' right to recover and set up new matter and counterclaim.

The judgment of the court below was as follows: "This cause coming on to be heard before his Honor, John M. Oglesby, judge presiding, and a jury, the court, in its discretion, withdrew a juror and continued this cause, and ordered that defendant, the Bank of Damascus, pay into this

court before the next term thereof the sum of $7,000, to be disbursed according to law, it appearing to the court, by admission of the Bank of Damascus, that the purchase price bid by said bank had not been paid."

*T. C. Bowie for plaintiffs.*
*W. R. Bauguess and U. S. G. Bauguess for defendants.*

PER CURIAM. This controversy was here before—*In re Bauguess,* 196 N. C., 278. The plaintiffs only contend that they can recover $3,000 and interest. Why, therefore, compel defendants to pay $7,000 into court? We think in the interest of justice the court should not have ordered more than $3,000 and interest, the amount plaintiffs sue for, to be paid into court. It was discretionary for the court below to withdraw a juror. *Wolf v. Goldstein,* 192 N. C., 818; *S. v. Guice,* 201 N. C., 761. The ordering of $7,000 to be paid into court affected a substantial right.

In modifying and affirming this judgment, we do not desire it to be understood that the other questions appearing of record were considered, that arose on the trial in the court below. They are not passed on or decided on this appeal. The judgment is

Modified and affirmed.