MISS KAY SYKES, BY HER NEXT FRIEND, MRS. W. J. SYKES, v. J. J. BLAKEY.

(Filed 1 February, 1939.)

**1. Trial § 4—**

A motion for a continuance is addressed to the sound discretion of the trial court, and the refusal of the motion under the facts and circumstances of this case *is held* to show no abuse of the discretion.

**2. Appeal and Error § 37b—**

The discretionary powers of the court are not to be exercised arbitrarily or according to the mere inclination of the court, but according to law to attain even and exact justice, but the exercise of a discretionary power will not be reviewed on appeal in the absence of abuse.

**3. Trial §§ 4, 22a—Upon refusal of motion for continuance, court should order plaintiff to proceed to trial.**

A nonsuit under C. S., 567, is permissible only on demurrer to the evidence, and when the court refuses plaintiff's motion for a continuance, it is error for the court to enter an involuntary nonsuit, but the court should order plaintiff to proceed to trial, and if plaintiff should refuse to go to trial, the court may then dismiss the cause "as of nonsuit" under C. S., 602(4) or in its inherent power.

APPEAL by plaintiff from *Thompson, J.,* at June Term, 1938, of ALAMANCE. Reversed.

The judgment of the court below is as follows: "This cause coming on to be heard before his Honor, C. E. Thompson, Judge Presiding, and being heard upon motion of counsel for plaintiff for a continuance of the trial of this cause, and it appearing to the court that this cause was

set peremptorily for trial on the first day of this term, beginning May 30, 1938, and upon motion for continuance by counsel for plaintiff on such date was continued and set peremptorily for trial on the second Monday of this term, being June 6, 1938, and upon motion of counsel for plaintiff for a continuance on such date, said cause was again continued and set peremptorily for trial on this date; that on this date counsel for plaintiff announced his unpreparedness to proceed with the trial of this cause and moved for a continuance: It is, therefore, Considered, Ordered and Adjudged, in the discretion of the Court, that this cause be, and the same is hereby dismissed as of nonsuit, and that the plaintiff be taxed with the costs of the action other than the costs of witnesses subpœnaed by the defendant. It is further ordered and adjudged that the order of arrest heretofore issued in this cause be, and the same is hereby vacated and that the bail bond heretofore given by the defendant be, and the same is hereby released and discharged from any further liability thereon. This the 9th day of June, 1938. C. E. Thompson, Judge Presiding."

To the foregoing judgment the plaintiff in apt time excepted, assigned error, and appealed to the Supreme Court.

*John L. Henderson for plaintiff.*

*Dameron & Young and Brooks, McLendon & Holderness for defendant.*

CLARKSON, J. (1) Did the court below abuse its discretion in denying plaintiff's motion for continuance? We think not under the facts and circumstances of this case.

In *State v. Sauls,* 190 N. C., 810 (813), citing a wealth of authorities, it is written: "It was subsequently held in a number of decisions that the refusal to continue a case rests in the judge's discretion upon matters of fact which this Court has no power to review. . . . In other cases it is held that while the exercise of discretion must be judicial and not arbitrary it is not subject to review unless 'the circumstances prove beyond doubt hardship and injustice' . . . In *Hensley v. Furniture Co.,* 164 N. C., 148 (150), *Mr. Justice Walker* expressed the Court's conclusion in this language: 'Judicial discretion, said Coke, is never exercised to give effect to the mere will of the judge, but to the will of the law. The judge's proper function, when using it, is to discern according to law what is just in the premises. *"Discernere per legum quid sit justum." Osborn v. Bank,* 9 Wheat., 738. When applied to a court of justice, said Lord Mansfield, discretion means sound discretion guided by law. It must be governed by rule, not by humor; it must not be arbitrary, vague, and fanciful, but legal and regular. 4

Burrows, 2539. While the necessity for exercising this discretion, in any given case, is not to be determined by the mere inclination of the judge, but by a sound and enlightened judgment, in an effort to attain the end of all law, namely, the doing of even and exact justice, we will yet not supervise it, except, perhaps in extreme circumstances, not at all likely to arise; and it is therefore practically unlimited. We do not interfere unless the discretion is abused. *Jarret v. Trunk Co.,* 142 N. C., 466'." *State v. Gant,* 201 N. C., 211 (230-231).

In *State v. Rhodes,* 202 N. C., 101 (102-3) it is said: "It is now a familiar axiom that granting or refusing the continuance of a cause is a matter which rests in the discretion of the trial court and in the absence of gross abuse is not subject to review on appeal. *S. v. Sauls,* 190 N. C., 810; *S. v. Riley,* 188 N. C., 72; *Hensley v. Furniture Co.,* 164 N. C., 149; *Armstrong v. Wright,* 8 N. C., 93." *S. v. Lea,* 203 N. C., 13 (24); *S. v. Garner,* 203 N. C., 361; *S. v. Banks,* 204 N. C., 233 (237); *S. v. Whitfield,* 206 N. C., 696 (698).

(2) Under the facts and circumstances of this case, did the court below err in dismissing the cause as of nonsuit? We think so. This is the real question in the case before us.

When the court below denied the motion of plaintiff to continue, plaintiff could have excepted. The court then should have ordered the trial to proceed. There was no motion made by defendant to nonsuit. The court acted *ex mero motu.*

In 9 R. C. L., p. 207, is the following: "It has, however, been held that while a court may dismiss a case called for trial for want of prosecution if the plaintiff does not appear, yet if the parties appear and the defendant insists upon a trial the court cannot dismiss the case for want of prosecution. In such case the plaintiff must elect to take a nonsuit or let the case go to trial."

N. C. Code, 1935 (Michie), sec. 602(4), is as follows: "The court may also dismiss the complaint, with costs in favor of one or more defendants, in case of unreasonable neglect on the part of the plaintiff to serve the summons on other defendants, or to proceed in the cause against the defendant or defendants served."

Nonsuit under C. S., 567 is "permissible only on demurrer to the evidence, and not on demurrer to the complaint or motion for judgment on the pleadings. *Riley v. Stone,* 169 N. C., 421, 86 S. E., 348." *Dix-Downing v. White,* 206 N. C., 567. In the words of *Connor, J.* (the Younger), "The power of the Superior Court to grant an involuntary nonsuit is altogether statutory. *Riley v. Stone,* 169 N. C., 421, 86 S. E., 348. The provisions of the statute must be complied with, strictly, in order that defendant may have the benefit of its provisions." *Penland v. Hospital,* 199 N. C., 314, 317. The judgment in the instant

case was not in accordance with the statute; as was said in *Batson v. Laundry,* 206 N. C., 371, 372, it was "prematurely and inadvertently made."

Under the facts and circumstances of this case we think the court after refusal to continue should have ordered plaintiff to proceed to trial. If plaintiff refused to go to trial, then the court below under the section 602 (4), *supra,* or in its inherent power could have dismissed the cause "as of nonsuit" after plaintiff had been called and failed to prosecute her suit.

For the reasons given, the judgment below is

Reversed.