GEORGE DAVID STONE, Administrator of the estate of GRAHAM OTIS STONE, Deceased, v. GRIFFIN BAKING COMPANY OF GREENSBORO, INCORPORATED.

(Filed 2 May 1962.)

**1. Trial § 50—**

A motion for a new trial on the ground of misconduct of a juror is ordinarily addressed to the sound discretion of the trial court and its ruling thereon will not be disturbed in the absence of manifest abuse of discretion.

**2. Appeal and Error § 46—**

Discretionary power imports sound discretion guided by law.

**3. Trial § 46—**

A juror will not be heard to impeach the verdict, and therefore denial of a motion for a new trial for misconduct of a juror, with request to examine the juror, but without supporting affidavits or other evidence as to the alleged misconduct, or that the alleged misconduct was prejudicial in any way, cannot be held an abuse of discretion.

**4. Appeal and Error § 12—**

Where the trial court denies a motion for a new trial for misconduct of a juror and enters final judgment from which an appeal is taken, the trial court is *functus officio* and has no authority to hear another motion thereafter made for a new trial for misconduct of the juror, and its order on such motion is a nullity.

**5. Appeal and Error § 2—**     .

Even though a matter is not presented by the appeal, the Supreme Court, in the exercise of its discretionary power, may express an opinion upon the question sought to be raised.

**6. Trial § 50—**

A new trial will not be granted because of a conversation between a juror and a stranger while the case was being tried unless it is shown that movant was prejudiced thereby.

**7. Same—**

Where it appears that a juror has a conversation with a stranger while the jury was eating at a public place during recess of the cause, but it is not made to appear that the stranger knew or had any interest in the case, and it appears that the conversation had no reference or relation to the case but was a casual conversation in regard to methods of avoiding jury duty, the incident is insufficient as a basis for the exercise of the discretionary power of the trial court to set the verdict aside, injustice or prejudice not having been shown.

**8. Appeal and Error § 2—**

Where want of jurisdiction is apparent on the record, the Supreme Court will so declare *ex mero motu*.

Appeal by plaintiff from Hall, J., September 1961 Term of Wake, and from Hall, J., October 1961 Term of Wake.

Civil action to recover damages for the alleged wrongful death of plaintiff's intestate and for damage to his intestate's automobile allegedly caused by the actionable negligence of defendant. Defendant in its answer denied negligence, pleaded contributory negligence of plaintiff's intestate, and asserted a counterclaim for damage to its truck.

The jury on 28 September 1961 at the September Term found for its verdict that defendant was negligent, as alleged in the complaint, that plaintiff's intestate was contributorily negligent, as alleged in the answer, and did not get to the issues in respect to defendant's counterclaim.

On 29 September 1961, before the signing of the judgment, plaintiff's attorney, as a result of information he received that morning, made a motion before the judge for permission to examine Robert M. Davis, juror No. 6, and also other persons whose names were unknown, relative to an alleged conversation of the juror Davis outside of the courthouse during the recess of court for lunch, and while the trial was in progress, and to set aside the verdict, because of the alleged disqualification of the juror Davis by reason of such conversation.

On 29 September 1961 the judge entered judgment, in accord with the verdict, adjudging that plaintiff recover nothing from defendant, that defendant recover nothing on his counterclaim, and that plaintiff be taxed with the costs. The judgment further recites that plaintiff's motion, as above set forth, was made after verdict and after the jury was discharged, was unaccompanied by substantiating affidavits or other evidence, and was denied.

To the signing of the judgment and to the judgment, and to the denial of his motion for a new trial, plaintiff excepted and appealed to the Supreme Court. Plaintiff was allowed 60 days to prepare and serve case on appeal. Judge Hall signed the appeal entries.

On 6 October 1961 plaintiff filed a written motion in the Superior Court of Wake County to set aside the verdict rendered on 28 September 1961 at the September 1961 Term and to order a new trial for alleged misconduct of the juror Robert M. Davis during the trial, and supported his motion by his affidavit, his wife's affidavit, and the affidavits of Russell V. Stone and Betty M. Thompson, a neighbor. All these affidavits are to this effect: On 28 September 1961, after the evidence had been introduced in the case and before the submission of the case to the jury, the court recessed for lunch. During this recess the affiants went to the Raleigh Diner near the courthouse for lunch. While eating lunch, they saw the juror Robert M. Davis sitting at the

lunch counter drinking coffee, and talking to a big man, whose name they do not know. Davis asked this man: "How do you get out of jury duty?" The affiants phrased his reply in slightly different words, but the substance of the reply in all the affidavits is: Hang the jury and disagree with them, and that way you would not go along with the crowd, and they would not call you back any more to serve on any jury. Plaintiff alone states in his affidavit that the big man stated this also: "A jury is a fixed thing anyway and it is all cut and dried; and I don't know how they do it, but if you are trying a case for $50,000.00, they already know the amount they are going to give before you go into the jury room."

Judge Hall entered an order on 19 October 1961 at the October Term stating:

> "After hearing said motion, and considering the affidavits in support of said motion, and the arguments of Henry M. White-sides, Attorney for the plaintiff, the Court is of the opinion that the statements and matters referred to in the affidavits did not unduly influence the jury, and it appears from the affidavit of the plaintiff that the plaintiff had this information before the verdict, and did not present the information to the plaintiff's attorney or the Court before the verdict;
>
> "IT IS NOW ORDERED That said motion be disallowed, and the verdict of the jury herein rendered shall stand."

From this order, plaintiff appealed.

*Henry M. Whitesides for plaintiff appellant.*
*William Joslin and Samuel H. Johnson for defendant appellee.*

PARKER, J.  Plaintiff has one assignment of error, and that is to the denial by the court of his motion made at the September 1961 Term, before the judgment was signed, to examine the juror Robert M. Davis and to set aside the verdict and order a new trial, and to the judgment entered at that term, and to the order entered at the subsequent October 1961 Term denying his motion to set aside the verdict and order a new trial, because of the misconduct of the juror Davis.

The granting or denial of a motion for a new trial because of the misconduct of a juror is generally regarded as resting in the sound discretion of the trial judge, and his ruling will not be disturbed on appeal in the absence of a manifest abuse of such discretion, or as sometimes stated, unless it is clearly erroneous. *Lewis v. Fountain,* 168 N.C. 277, 84 S.E. 278; *Keener v. Beal,* 246 N.C. 247, 98 S.E. 2d

19; *In re Will of Hall,* 252 N.C. 70, 113 S.E. 2d 1; Annotation 64 A.L.R. 2d, sec. 14, p. 185 *et seq.,* where many cases from many jurisdictions are cited; 39 Am. Jur., New Trial, sec. 101, Contact between third person and juror.

The discretion with which a trial court is vested, when applied to a court of justice, means, as Lord Mansfield said, "sound discretion guided by law." *Rex. v. Wilkes,* 4 Burr. 2527, 98 English Reports, Full Reprint, 327, 334; *Sykes v. Blakey,* 215 N.C. 61, 200 S.E. 910.

"It is firmly established in this State that jurors will not be allowed to attack or to overthrow their verdicts, nor will evidence from them be received for such purpose." *Lumber Co. v. Lumber Co.,* 187 N.C. 417, 121 S.E. 2d 755. "The rule is a salutary one. If it were otherwise, every verdict would be subject to impeachment." *In re Will of Hall, supra,* N. C. Reports page 88, S.E. 2d page 13.

Judge Hall was correct in denying plaintiff's motion at the September 1961 Term to examine the juror Davis. Certainly, Judge Hall's denial of his motion to examine other persons in respect to the alleged misconduct of the juror Davis did not prejudice plaintiff, for the simple reason that plaintiff did not even know who the witnesses were he wanted to examine. Further, Judge Hall did not abuse his discretion in denying plaintiff's motion made at the September 1961 Term for a new trial for the alleged misconduct of the juror Davis, because plaintiff offered no supporting affidavits or other evidence as to the alleged misconduct of the juror Davis, or that he was in any way prejudiced by the alleged misconduct of the juror Davis. Judge Hall's judgment at the September 1961 Term is affirmed.

The judgment entered by Judge Hall at the September 1961 Term was a final one, from which plaintiff appealed to the Supreme Court. This appeal from the final judgment *eo instante* took the case out of the jurisdiction of the Superior Court. There was no withdrawal of the appeal by plaintiff, therefore, Judge Hall at the subsequent October 1961 Term was *functus officio* to consider the motion made by plaintiff at that term for a new trial because of the alleged misconduct of the juror Davis, and his order made at that term is a nullity. *Bailey v. McPherson,* 233 N.C. 231, 63 S.E. 2d 559; *Cameron v. Cameron,* 231 N.C. 123, 56 S.E. 2d 384; *Veazey v. Durham,* 231 N.C. 357, 57 S.E. 2d 377; *Vaughan v. Vaughan,* 211 N.C. 354, 190 S.E. 492; Strong's N. C. Index, Vol. 1, Appeal and Error, sec. 12. See *Purcell v. R. R.,* 119 N.C. 728, 737.

However, while we must hold that Judge Hall's order entered at the October 1961 Term is a nullity, we will nevertheless, as was done in *Burgess v. Trevathan,* 236 N.C. 157, 72 S.E. 2d 231, "exercise our discretionary power to express an opinion upon the question which the

plaintiff attempts to raise" by his appeal from Judge Hall's order rendered at the subsequent October 1961 Term denying his motion for a new trial for the alleged misconduct of the juror Davis.

This is said in 39 Am. Jur., New Trial, sec. 101:

> "The rule sustained by the great weight of authority is that a verdict will not be disturbed because of a conversation between a juror and a stranger when it does not appear that such conversation was prompted by a party, or that any injustice was done to the person complaining, and he is not shown to have been prejudiced thereby, and this is true of applications for new trial by the accused in a criminal case as well as of applications made in civil actions. Clearly, conversation between a juror and a third person which is of a harmless character, unrelated to the matter in issue, and not tending to influence or prejudice the jury in their verdict, will not afford cause for a new trial. . . . and if a trial is really fair and proper, it should not be set aside because of mere suspicion or appearance of irregularity which is shown to have done no actual injury. Generally speaking, neither the common law nor statutes contemplate as ground for a new trial a conversation between a juror and a third person unless it is of such a character as is calculated to impress the case upon the mind of the juror in a different aspect than was presented by the evidence in the courtroom, or is of such a nature as is calculated to result in harm to a party on trial. The matter is one resting largely within the discretion of the trial judge."

See an exhaustive Annotation 64 A.L.R. 2d pp. 158-231, entitled "Contact or communication between juror and outsider during trial of civil case as ground for mistrial, new trial, or reversal."

There is nothing in the evidence to indicate that the unknown big man with whom the juror Davis had a conversation in the Raleigh Diner had any relationship of any kind with defendant, or even knew there was such a corporation, or had any interest in the subject matter of plaintiff's suit, or the outcome of the trial. There is nothing to indicate that this unknown big man knew that there was such a case, or that Davis was a juror in the trial of the case, or that the case was being tried. The conversation of this unknown big man with Davis was in a public eating place, in the presence, at least, of plaintiff, his wife, and two other persons, and had no reference or relation to the case in which Davis was a juror. The conversation was casual, and related solely to a not unusual topic of conversation, and that is, how to avoid jury service. There is nothing in the conversation to indicate there was any intention on the part of this unknown big man to in-

fluence the judgment or action of Davis as a juror. It is manifest, the conversation did not influence Davis' action as a juror, because he did not hang the jury. There is nothing in the evidence to suggest that defendant prompted the conversation of the unknown big man with the juror Davis, or that any injustice or prejudice was done to plaintiff. Clearly, the conversation between the unknown big man and the juror Davis was of a harmless character, and afforded no basis for the trial judge to exercise his discretion to set aside the verdict and order a new trial, even if all the evidence before us had been presented to Judge Hall at the September 1961 Term before the signing of the judgment at that term.

Judge Hall's order entered at the October 1961 Term is a nullity. "Where such defect of jurisdiction is apparent the court will of necessity so declare it *ex mero motu.*" *Ridenhour v. Ridenhour,* 225 N.C. 508, 35 S.E. 2d 617; *Bailey v. McPherson, supra.*

The order entered at the October 1961 Term will be vacated. The judgment entered at the September 1961 Term is

Affirmed.