JOSEPH STANLEY v. PRYDE W. BASINGER & COMPANY, INC., AND PRYDE W. BASINGER.

(Filed 24 November, 1965.)

Trial § 4—

When plaintiff's counsel appears and announces his readiness to proceed to trial when the cause is called on a "clean-up" calendar, the court has no authority to dismiss the action on the ground of laches for failure to prosecute the action.

APPEAL by plaintiff from *Gwyn, J.,* March 1965 Session of ROWAN.

By this action, instituted on June 2, 1960, plaintiff seeks to recover damages for defendants' alleged conversion of an automobile.

The case was tried at the May 1961 Term, and the jury answered the issues in favor of plaintiff. By an order entered May 18, 1961, the presiding judge set aside the verdict as being against the greater weight of the evidence. Thereafter neither plaintiff nor defendants moved to calendar the case for trial; it lay *perdu.* At the March 1965 Session, this case, along with a number of others, was placed upon a "clean-up calendar." After receiving a copy of this calendar, defendants' counsel wrote a letter on March 8, 1965 to the presiding judge, Honorable Allen H. Gwyn, requesting "that this matter be dismissed upon the call of the clean-up calendar." When the case was called, as calendared, at 9:30 a.m. on March 18, 1965, plaintiff and his counsel were present in court and announced their readiness for trial. Neither defendants nor their counsel were in court. In response to Judge Gwyn's inquiry as to why the case had not been retried, counsel for plaintiff replied that "there was not much involved and nobody pushed it." His Honor then nonsuited the cause for that plaintiff had been "guilty of laches for failure to prosecute." From this judgment plaintiff appeals.

*Archibald C. Rufty for plaintiff appellant.*

*Grier, Parker, Poe & Thompson by Gaston H. Gage for defendant appellees.*

PER CURIAM. Had plaintiff failed to appear when this case was called for trial pursuant to the calendar, or had plaintiff refused to go to trial after being ordered to proceed, the court below, either under G.S. 1-222(4), or in its inherent power, "could have dismissed the cause 'as of nonsuit' after plaintiff had been called and failed to prosecute" his suit. *Sykes v. Blakey*, 215 N.C. 61, 64, 200 S.E. 910, 912. Plaintiff here, however, was present and ready for trial when his case was called. Under these circumstances, the judge was without authority to dismiss the action.

Reversed.