COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,

v.

Albert I. CLORE et al., Appellees.

Court of Appeals of Kentucky.

March 7, 1969.

John B. Breckinridge, Atty. Gen., Don Duff, Acting Gen. Counsel, Jarvis Allen, Dept. of Highways, Frankfort, Robert A. Becht, Dept. of Highways, Louisville, for appellant.

George F. Williamson, Thomas F. Manby, Sr., Thomas F. Manby, Jr., Harold R. Smith, Clark, Manby & Williamson, La-Grange, Foster L. Haunz, Louisville, for appellees.

WADDILL, Commissioner.

For construction of Interstate Highway I–71 through Oldham County the Commonwealth of Kentucky condemned a right-of-way across appellees' 713-acre farm, taking 89.171 acres for highway purposes. The Commonwealth concedes that an additional 81.54 acres will be severed from the rest of the farm when the construction of this limited-access highway is completed. No improvements were involved, except several old buildings located on the land-locked tract and these buildings were shown to have little value.

In the county court the appellees were awarded $122,150.00 and both parties appealed to the Oldham Circuit Court where

appellees recovered a verdict and judgment for $110,500.00. At the trial in the circuit court the values placed on appellees' farm may be summarized thusly:

| WITNESSES FOR APPELLANT | BEFORE VALUE | AFTER VALUE | DIFFERENCE |
|---|---|---|---|
| Victor Williams | $285,000 | $229,000 | $56,000 |
| William P. Snyder | 292,000 | 238,000 | 54,000 |

| WITNESSES FOR APPELLEES | BEFORE VALUE | AFTER VALUE | DIFFERENCE |
|---|---|---|---|
| Bruce Hoblitzell, Jr. | $725,000 | $565,000 | $160,000 |
| Carl Clore, Jr. | 713,000 | 558,000 | 155,000 |

The judgment now in question is based on the verdict of $110,500.00 which reflected the jury's findings as follows: Before value $606.050.00; after value $495,550.00 and difference $110,500.00.

Appellant contends that the trial court erred in permitting appellees' witnesses to use, over the appellant's objections, supposedly comparable sales to bolster their opinions when they were in no way comparable in size, location, or use to the subject property.

■ Appellees' valuation witnesses were Bruce Hoblitzell, Jr., and Carl Clore, Jr., both of whom were licensed real estate brokers and had extensively engaged in the buying and selling of property in Jefferson and Oldham Counties for the last twenty-five years. Mr. Hoblitzell regularly appraised property for several financial institutions and occasionally had valued property for the Commonwealth of Kentucky, the State of Ohio, and for various industrial firms such as Ford Motor Company and General Electric. Mr. Clore was also eminently qualified as to real estate values in Oldham County. He had owned approximately 2500 acres in Oldham County, had sold over 600 parcels of land and had developed several subdivisions. Both of these witnesses referred to numerous sales of property in the vicinity of appellees' farm and gave the location, size of each tract and the amount of money involved in the sale. While it is true that none of the tracts used as comparables was as large as appellees' farm, nevertheless, the sale price involved was relevant in that it tended to show the market value of property in the neighborhood. Any discrepancy between the size, location or use of appellees' farm and the other sales mentioned by these witnesses was a proper subject of cross-examination to test their credibility. Commonwealth, Department of Highways v. Burton, Ky., 398 S.W.2d 689. We believe that the trial court properly permitted the jury to consider this testimony. Commonwealth, Department of Highways v. Finley, Ky., 371 S.W.2d 854.

■ It is next contended that the trial court erred in allowing appellees' valuation witnesses in arriving at the market value of appellees' farm to include as a factor the adaptability of the land for housing development use. This argument is apparently predicated on the fact that appellees' 713-acre farm was being operated primarily as a cattle farm and specializing in the production of orchard grass, seed and fescue.

The fact that appellees' witnesses took into consideration the potential value of the subject property for subdivision purposes does not necessarily render the testimony incompetent. Cf. Paintsville-Prestonsburg Airport Bd. v. Galbraith, Ky., 433 S.W.2d 868. In answering a similar

contention in Commonwealth, Department of Highways v. Siler, Ky., 411 S.W.2d 937, we said:

"If property is adaptable to a particular use or development different from its existing use, and the prospect that it will be or could be so used or developed is sufficiently imminent to affect its present market value, that prospect not only is a proper but necessary factor in determining such value. Cf. Commonwealth, Dept. of Highways v. Doolin, Ky., 411 S.W.2d 44 (decided January 27, 1967); Louisville & N. R. Co. v. White Villa Club, 155 Ky. 452, 159 S.W. 983 (1913). Nothing in the terminology of Commonwealth, Dept. of Highways v. Vincent, Ky., 357 S.W.2d 678 (1962); Commonwealth, Dept. of Highways v. Gearhart, Ky., 383 S.W.2d 922 (1964); or Commonwealth, Dept. of Highways v. Riley, Ky., 388 S.W.2d 128 (1965), was intended to convey a different impression. Even if the Siler family had never thought of subdividing or selling the property (in which case, literally speaking, there could have been neither 'expectation' nor 'probability'), the evidence as to its location and topography was enough to suggest the probability of its having present value for residential development. That, with qualified opinion testimony to the same effect, provided adequate foundation for the evidence in question."

In the instant case the testimony concerning utilization of the land for subdivision purposes is quite different from those in Commonwealth, Department of Highways v. Stocker, Ky., 423 S.W.2d 510, 516, where there was no testimony of the present adaptability of the entire farm for residential development. In estimating the value of appellees' property for farm use the witnesses considered such factors as its location to the Jefferson County line where the University of Louisville owns property, its location near two rapidly expanding cities and the fact of the scarcity of available land for home and business sites in the area. Also that a water and electric line, as well as a gas line, are located nearby. We believe the totality of the evidence showed that appellees' property was not only reasonably adaptable for subdivision use but that it also could be immediately sold for that purpose. Under this view the trial court properly permitted the jury to consider the testimony in question.

■ It is contended that the verdict is excessive and is not supported by evidence of probative value. While the award of $110,500.00 is liberal, it is well within the estimates given by appellees' expert witnesses who cited sales of land in the neighborhood of appellees' farm which ranged from $966.67 per acre to $2,000.00 per acre. Apart from these sales, which were helpful in determining value, the experts, whose qualifications were not challenged, used other factors such as the location of the subject property near homes worth from $15,000.00 to $50,000.00 to support their estimates of value. There is an abundance of substantial testimony that supports the award. Cf. Commonwealth, Department of Highways v. Sellers, Ky., 421 S.W.2d 581; Commonwealth, Department of Highways v. Reppert, Ky., 421 S.W.2d 575.

■ It is further contended that the trial court erred in failing to grant appellant a mistrial when appellant orally informed the court that two of the jurors were seen talking together while standing before a trial exhibit during a court recess. The difficulty we encounter in finding any merit in this contention is that nothing is shown to have occurred that could possibly be prejudicial to appellant's side of the case. In fact appellant's counsel merely informed the court of his notion that the two jurors had been guilty of misconduct without stating any fact upon which such a conclusion could fairly be reached. The trial court has discretion in granting or refusing to grant a mistrial.

Cf. Strong v. Denton, Ky., 300 S.W.2d 245. In the circumstances shown herein we find no error.

The judgment is affirmed.

All concur.