JETTIE BRADY GALLIGAN v. TOWN OF CHAPEL HILL AND
HAROLD P. SMITH

No. 6915SC304

(Filed 23 July 1969)

1. **Municipal Corporations § 12— waiver of governmental immunity — liability insurance — affirmative action to retain immunity**

    The General Assembly did not intend that a municipality could exempt itself from liability in accordance with the provisions of Chapter 1015, Session Laws of 1951, by passing a one time blanket resolution.

2. **Municipal Corporations § 12— tort liability — waiver of governmental immunity — liability insurance**

    A municipality is deemed to have waived its governmental immunity by purchase of liability insurance in the absence of affirmative action on the part of the municipal governing body. G.S. 160-191.1, G.S. 160-191.4.

3. **Municipal Corporations § 12— tort liability — waiver of governmental immunity — purchase of liability insurance — prior resolution against waiver**

    Purchase by a municipality of liability insurance on a police car waived its governmental immunity for the negligent operation of such vehicle to the extent of the liability insurance thereon, where the governing body of the municipality thereafter took no affirmative action to retain its governmental immunity, notwithstanding the municipal governing body had passed a resolution against waiver of its governmental immunity some 14 years prior to the purchase of liability insurance.

APPEAL by plaintiff from *Clark, J.,* 20 January 1969 Session of Superior Court held in ORANGE County.

The plaintiff instituted this action to recover for injuries received in an accident when the car in which she was riding as a passenger collided with a police car owned by the Town of Chapel Hill. The collision occurred on 18 July 1965 on a bridge on U. S.

Highway 15-501 at a point where Highway 15-501 crosses over N. C. Highway 54 near the Town of Chapel Hill. At the time of the collision the police car was being operated by Harold P. Smith in the performance of his official duties.

This action was instituted in Randolph County where the plaintiff resides. Subsequently, upon motion of the defendants, the action was removed to Orange County pursuant to G.S. 1-83 and G.S. 1-77. The action was specially set for trial at the request of plaintiff at the 20 January 1969 Session of Superior Court of Orange County. On coming on for trial, the trial court, out of the presence of the jury, heard evidence on the plea of governmental immunity asserted by the Town of Chapel Hill. The plea of governmental immunity was based upon a resolution (ordinance) passed by the Chapel Hill Board of Aldermen on 25 June 1951. · This resolution purports to avoid any liability of the Town of Chapel Hill as a consequence of the passage of Chapter 1015 of the Session Laws of 1951. (Chapter 1015, which was effective July 1, 1951, is now codified as G.S. 160-191.1 to G.S. 160-191.5.) The Town of Chapel Hill has taken no further action since the passage of this resolution, other than it has continued to purchase liability insurance, and was covered by liability insurance at the time the wreck occurred. After the hearing on the plea of the Town of Chapel Hill respecting its governmental immunity, the trial court entered the following order:

"THIS CAUSE COMING ON FOR TRIAL before the undersigned Judge Presiding at the January 20, 1969, Civil Session of Superior Court of Orange County, and it appearing to the Court upon the call of the case for trial that the defendant Town of Chapel Hill had pleaded as an affirmative defense that the defendant Town of Chapel Hill was immune from liability for torts committed when engaged in performing a governmental function and that the plaintiff had filed a reply to the further defense of the Town of Chapel Hill and had pleaded that the Town of Chapel Hill was not entitled to any immunity from liability for torts committed when engaged in performing a governmental function because the defendant Town of Chapel Hill had waived its immunity from liability for torts, and the Court being of the opinion that the plea of governmental immunity of the defendant Town of Chapel Hill should be heard and determined prior to a trial of the case on its merits, whereupon without objection by any party, the Court proceeded to hear the evidence offered by the parties; that after the plaintiff had offered her evidence and rested, the defendant Town of Chapel

Hill offered its evidence and rested, at which time the plaintiff offered further evidence in rebuttal.

Based upon all of the competent evidence offered at the hearing, the Court makes the following findings of fact: The plaintiff alleged and the defendant Town of Chapel Hill admitted that at the time of the collision giving rise to the plaintiff's alleged cause of action, the defendant Harold P. Smith was a police officer of the Town of Chapel Hill and that he was acting within the course and scope of his employment at the time of the collision and that in the exercise of its powers as a municipal corporation, it maintained a police force, that Harold P. Smith was a policeman and that at the time of the collision, he was in the performance of his duties as a policeman. The plaintiff did not contend that the Town of Chapel Hill was not engaged in a governmental function of a municipality at the time of the collision giving rise to the plaintiff's alleged cause of action. On June 25, 1951, the governing body of the Town of Chapel Hill unanimously adopted and enacted a resolution or ordinance to the effect that the governmental immunity from liability for torts by the Town of Chapel Hill was not waived, the ordinance specifically stating that under no circumstances or in any respect as suggested by Chapter 1015, Session Laws of 1951 (GS 160-191, et seq) or in any other manner did the defendant Town of Chapel Hill waive its governmental immunity for damages to property or injury to persons as a result of its activities. The resolution and ordinance has not since been repealed, rescinded or amended. The defendant Town of Chapel Hill had purchased a policy of motor vehicle liability insurance and said policy was in full force and effect at the time the plaintiff's alleged cause of action arose, but by purchasing said motor vehicle liability policy, the defendant Town of Chapel Hill did not waive its governmental immunity from liability for torts under the provisions of GS 160-191.1 for that it took affirmative action in passing said resolution and ordinance of June 25, 1951.

Based upon the foregoing findings of fact, the Court concludes that the defendant Town of Chapel Hill is immune from liability for torts committed by its agents and employees when engaged in the performance of a governmental function and that the action against the defendant Town of Chapel Hill should be dismissed.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND

DECREED that the defendant Town of Chapel Hill, a municipality, is immune from liability for torts committed by its agents and employees while engaged in the performance of a governmental function and this action against the defendant Town of Chapel Hill shall be and the same is hereby dismissed."

The plaintiff then took a voluntary nonsuit as to defendant Smith.

From the order dismissing the action against the Town of Chapel Hill, the plaintiff appeals to the Court of Appeals, assigning error.

*Ottway Burton for plaintiff appellant.*

*Perry C. Henson and Daniel W. Donahue for defendant appellee.*

MALLARD, C.J.

G.S. 160-191.1, which is the codification of Chapter 1015 of the Session Laws of 1951, reads in pertinent part as follows:

"The governing body of any incorporated city or town, by securing liability insurance as hereinafter provided, is hereby authorized and empowered, but not required, to waive its governmental immunity from liability for any damage by reason of death, or injury to person or property, proximately caused by the negligent operation of any motor vehicle by an officer, agent or employee of such city or town when acting within the scope of his authority or within the course of his employment. Such immunity is waived only to the extent of the amount of the insurance so obtained. Such immunity shall be deemed to have been waived in the absence of affirmative action by such governing body."

The resolution of 25 June 1951 of the Board of Aldermen of the Town of Chapel Hill reads as follows:

"Upon motion of Alderman Cornwell and seconded by Alderman Burch, the above Resolution was introduced for passage and the same was duly passed, the following number voting in the affirmative: Fowler, Fitch, Burch, Davis, Cornwell, and Putnam, and the following number voting in the negative: None. Mr. Lanier brought up the question of a Resolution for not waiving governmental immunity for damages. After discussing this matter, Mr. Burch moved that the following recommended Resolution be adopted. WHEREAS, Chapter 1015 of the Session Laws of 1951 provides a method whereby municipalities may waive their governmental immunity; and

WHEREAS, one provision of said law seems to require positive action on the part of this Governing Body with respect to whether or not it desires to waive such governmental immunity; and, WHEREAS, it is the opinion of this Governing Body that the waiving of such immunity is not to the best interest of this municipality: NOW, THEREFORE, BE IT RESOLVED BY THE BOARD OF ALDERMEN OF THE TOWN OF CHAPEL HILL, N. C., does not under any circumstances or in any respect as suggested by Chapter 1015 of the Session Laws of 1951 or in any other manner waive its governmental immunity for damages to property or injury to persons as a result of its activities. Mr. Burch's motion was seconded by Mr. Fitch and passed unanimously."

[1]  From the time that it passed the resolution in 1951 until the date of the collision in question the Town of Chapel Hill took no further action with respect to its non-waiver of governmental immunity. The total time since it passed the original resolution was over 14 years. We do not think that the General Assembly intended that a municipality could exempt itself from liability in accordance with the provisions of Chapter 1015 of the Session Laws of 1951 by simply passing a one time blanket resolution. We have not found any case directly on point with the facts of the present case. However, in the case of *White v. Mote*, 270 N.C. 544, 155 S.E. 2d 75 (1967), we find the following language:

"Where a municipal corporation procures liability insurance on a vehicle used by it in the performance of a governmental function, it may, but is not required to, waive its governmental immunity for the negligent operation of such vehicle to the extent of the amount of liability insurance. . . ."

[2]  In the absence of affirmative action on the part of the governing body of the Town of Chapel Hill, its governmental immunity would be deemed to have been waived by the purchase of liability insurance. G.S. 160-191.1 and G.S. 160-191.4. In the present case, the liability insurance policy (Hartford Accident and Indemnity Company, Policy No. 22 C 352288) was issued on and was effective after 11 July 1965 to 11 July 1966. (This policy shows that there was a previous policy which was numbered 22 C 351282).

The question presented for decision is: Did the Town of Chapel Hill waive its defense of governmental immunity from liability for the tort alleged in this action to the extent of the liability insurance policy which it purchased effective 11 July 1965?

G.S. 160-191.4 provides: "An incorporated city or town may in-

cur liability pursuant to this article only with respect to a claim arising after such city or town has procured liability insurance pursuant to this article and during the time when such insurance is in force."

[3]   On 25 June 1951, before the effective date of the foregoing statutes, the governing authorities of the Town of Chapel Hill took affirmative action to retain its governmental immunity, but, thereafter, as of 11 July 1965, the governing body of the Town of Chapel Hill again took the affirmative action of purchasing and procuring liability insurance as authorized by G.S. 160-191.1, and did not subsequently act to retain its governmental immunity.

Defendant, Town of Chapel Hill, admitted at the trial that "on July 18, 1965, this liability insurance policy, which would cover the police car being operated by Mr. Smith at the time of this accident, was in full force and effect."

We are of the opinion, and so hold, when the Town of Chapel Hill purchased and procured the policy of insurance No. 22 C 352288 on 11 July 1965 from the Hartford Accident and Indemnity Company, that to the extent of such insurance, the said Town had waived its governmental immunity pursuant to G.S. 160-191.1 by failing to subsequently take affirmative action to retain it.

We have considered the other question raised by the appellant in regard to the change of venue and find it to be without merit.

For the reasons stated, the judgment of the Superior Court dismissing this action as to the Town of Chapel Hill is

Reversed.

BRITT and PARKER, JJ., concur.