SHIRLEY HOLT WRIGHT v. LORINE WILSON HOLT

No. 7319SC478

(Filed 11 July 1973)

1. **Automobiles § 43; Judgments § 36— action by wife — prior action by husband — same defendant — no res judicata**

   In an action to recover for injuries sustained by plaintiff in a collision between the vehicle driven by her husband and defendant's vehicle, the trial court did not err in refusing to allow into evidence the record of another action based on the same collision, but brought by plaintiff's husband against defendant, in which the issue of· negligence had already been determined, since plaintiff was not a party to the prior action and was not bound by the judgment entered in that action.

2. **Trial § 50— statement overheard by juror — effect on verdict —refusal to set aside verdict**

   In an action to recover for injuries sustained in an automobile collision where one of the jurors disclosed after the verdict that she had heard defendant make a statement in the rest room that the windshield of plaintiff's car was not broken, the trial court concluded after investigation that the statement had no prejudicial effect on the verdict and therefore refused to set it aside.

3. **Automobiles § 90— instruction on yielding right of way — duty to use reasonable care under circumstances**

   The trial court's instruction in an automobile collision case with respect to G.S. 20-158 which provides that vehicles must stop and yield right-of-way at through highways properly told the jury that defendant's duty was reasonable care under the circumstances.

APPEAL by plaintiff from *Seay, Judge,* 8 January 1973 Session of Superior Court of RANDOLPH County.

Plaintiff instituted this action to recover for personal injuries arising out of an automobile collision allegedly due to the negligence of the defendant. Plaintiff was a passenger in an automobile operated by her husband which was proceeding north on North Carolina Highway #22 approaching its intersection with rural paved road #2498. Defendant's car was on #2498 approaching the intersection with highway #22 from the east. A stop sign was erected on rural paved road #2498 governing traffic entering highway #22. The collision between the two automobiles occurred at some point within the intersection.

Both plaintiff and defendant offered evidence at the trial which presented somewhat conflicting versions of the accident.

The following issues were submitted to the jury and answered as indicated: "(1) Was the plaintiff injured and damaged by the negligence of the defendant as alleged in the Complaint? Answer: No. (2) What amount, if any, is the plaintiff entitled to recover of the defendant for personal injuries? Answer: _____."

From judgment for defendant, the plaintiff appeals.

*Ottway Burton for plaintiff appellant.*

*Smith & Casper, by Archie L. Smith, for defendant appellee.*

BALEY, Judge.

[1]   The plaintiff assigns as error the failure of the court below to admit into evidence the record of another case brought by the husband of the plaintiff against the defendant for personal injuries and property damage arising out of the same accident upon which the present case is based. She contends that the issue of negligence had already been determined on the prior case and that only the issue of damages should have been submitted in her case.

Plaintiff was not a party to the prior action. She is not bound by the judgment entered in that action. Since estoppel by judgment must be mutual, plaintiff cannot assert the judgment in the prior action against the defendant as *res judicata* in the present case. *Kayler v. Gallimore,* 269 N.C. 405, 152 S.E. 2d 518; *Coach Co. v. Burrell,* 241 N.C. 432, 85 S.E. 2d 688.

In *Coach Co. v. Burrell, supra* at 436, 85 S.E. 2d at 692, the court dealt with the precise point raised by plaintiff: "The great weight of authority seems to be that a judgment for the plaintiff in an action growing out of an accident is not *res judicata,* or conclusive as to issues of negligence or contributory negligence, in a subsequent action growing out of the same accident by a different plaintiff against the same defendant."

[2]   Plaintiff assigns as error the refusal of the court to set aside the verdict because one of the jurors disclosed after the verdict that she had overheard the defendant make a statement in the rest room that the windshield of plaintiff's car was not broken. The record shows that the court made a careful investigation, and after a full revelation of all the circumstances surrounding the making of the statement and its relevance upon

the issue of negligence which was decided adversely to plaintiff, concluded that it had no prejudicial effect upon the verdict. This was a matter addressed to the discretion of the trial court and will not be disturbed on appeal in the absence of a showing of manifest abuse of discretion. *O'Berry v. Perry,* 266 N.C. 77, 145 S.E. 2d 321; *Stone v. Baking Co.,* 257 N.C. 103, 125 S.E. 2d 363; *Brown v. Products Co.,* 5 N.C. App. 418, 168 S.E. 2d 452.

[3] The plaintiff's assignments of error which relate to the charge of the court cannot be sustained. With particular reference to G.S. 20-158 which provides that vehicles must stop and yield right-of-way at through highways the court stated:

> "The test is whether or not a reasonable and careful and prudent person would have stopped and yielded the right-of-way under the circumstances as they existed."

The jury was clearly told that defendant's duty was reasonable care under the circumstances. There are no reasonable grounds to believe that it was misled in any respect. *Cowan v. Transfer Co.* and *Carr v. Transfer Co.,* 262 N.C. 550, 138 S.E. 2d 228; *Vincent v. Woody,* 238 N.C. 118, 76 S.E. 2d 356.

The weight and credibility of the testimony was for the jury to decide. Plaintiff must now abide the result.

No error.

Judges CAMPBELL and HEDRICK concur.