STATE OF NORTH CAROLINA v. RANDALL FRANCIS DRAKE

No. 7626SC363

(Filed 20 October 1976)

Criminal Law § 101— expression of opinion by one juror to another during recess — denial of mistrial — refusal to call juror

In a prosecution for first degree murder, the trial court erred in denying defendant's motions for a mistrial based on alleged juror misconduct and to call the juror to determine if any prejudice occurred to defendant where a disinterested witness gave uncontradicted testimony that during a recess she heard one juror express to another juror an opinion on the issue of self-defense.

APPEAL by defendant from *Lewis, Judge.* Judgment entered 17 December 1975, in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 14 September 1976.

Defendant pled not guilty to the charge of first-degree murder.

The State's witness Summers, a friend of defendant who accompanied him on the night of 10 April 1974, testified that in a tavern defendant insulted and threatened the victim, Jack Richmond, about a debt. Defendant then left the tavern. He returned in fifteen minutes, and they resumed quarreling. Richmond invited defendant outside. There, when they were about ten feet apart, defendant pulled a gun from his pocket, pointed it at Richmond and told him to "go for your pocket again." Richmond approached defendant and was standing about an arm's length away with his hands empty when defendant

shot him in the chest. Richmond fell forward and grabbed defendant, who then fired a second shot which hit Richmond in the neck. After Richmond fell to the ground, defendant pulled an open knife from Richmond's pocket and told Summers that the victim had tried to cut him. Summers saw no blood on defendant's face or hands.

The investigating officer testified that upon arriving at the scene he saw the defendant; that he did not recall seeing cuts or blood on defendant's hands but he did not examine him; and that the tavern owner gave him an open knife, which did not have any blood on the blade.

Keith Stroud, an attorney then employed in the Office of the Public Defender, testified for the State that he talked with defendant on the night of the shooting and saw two shallow cuts on the top of his left hand and blood on his left ear.

At the close of the State's evidence the trial court ordered a fifteen minute recess. Upon reconvening defendant moved for a mistrial because of jury misconduct. The court, after a hearing which is fully reported in the opinion, denied the motion.

Defendant's testimony tended to show that Richmond owed him some money; that in the tavern Richmond initiated the discussion about the debt, threatened him, and made obscene gestures to him. Defendant went to his car and got his gun because he "had to get the money one way or another." Richmond invited him outside and there pulled an open knife from his pocket and advanced on him. They struggled and the gun fired accidentally as defendant fell to the ground. Defendant further testified that Richmond had a reputation for danger and violence, and admitted on cross-examination that he had two prior convictions for assault.

The jury returned a verdict of guilty of second-degree murder, and from judgment imposing imprisonment, defendant appeals.

*Attorney General Edmisten by Assistant Attorney General James E. Magner, Jr., for the State.*

*John G. Plumides and Shelley Blum, of Counsel, for defendant appellant.*

CLARK, Judge.

Defendant assigns as error: (1) the denial of a motion for mistrial because of juror misconduct supported by the uncontradicted testimony of a disinterested witness which showed an expression of prejudicial opinion during a recess following the presentation of the State's evidence by one juror to other jurors on an issue crucial to the defense; and (2) the denial of a motion to call that juror for examination after hearing the uncontradicted testimony of the disinterested witness.

In support of the motion defendant offered the testimony of Phyliss Jacobs. The record of the investigation by the court is, in part, as follows:

"PHYLISS JACOBS . . . .

&ast;   &ast;   &ast;   &ast;

I went down to the coffee bar in the basement.

&ast;   &ast;   &ast;   &ast;

As I opened the door and went through, several of the jurors were standing at the door talking and I heard one say to the others, 'the boy probably took a knife and cut himself and threw the knife away and is going to plead self-defense' . . . .

&ast;   &ast;   &ast;   &ast;

. . . I felt like he was influencing the other Jurors. . . . [S]o I said, excuse me, sir, you don't know that that's what happened because you weren't there and I wasn't there and so you shouldn't be talking about it.

&ast;   &ast;   &ast;   &ast;

THE COURT: [T]he motion for mistrial is denied, in the discretion of the Court.

MR. PLUMIDES: I would like to call that Juror, if Your Honor please.

THE COURT: That motion is denied. . . . "

It does not appear from the record whether this witness had any interest in the outcome of the trial. Her testimony was uncontradicted and nothing appears to impeach her credibility.

In ruling on this assignment of error we must assume that the court acted on the assumption that the circumstances related by the witness were true, but that, in its discretion, the obvious misconduct was not so prejudical to the defendant as to call for a mistrial.

The statement attributed to the juror was in violation of the precautionary instructions given by the trial court to the jury immediately after impanelling:

> "And lastly, the only proper place for a jury to deliberate upon any criminal case is in the Jury Room at the end of the whole case, that is, after the evidence is all presented, the lawyers have had their opportunity to make their final summations or arguments to you and the Court has had its opportunity to charge you on the applicable law. So, you should keep your mind open until reaching the Jury deliberation room and not decide the case prior to that time, when you can have the counsel and advice of your fellow jurors."

This is an excellent statement of the appropriate standard of conduct for jurors. See Annot., Juror—Contact With Party, 55 A.L.R. 750 (1928); Supplemental Annot., 62 A.L.R. 2d 300 (1958); Annot., Juror — Communications With Witness, 52 A.L.R. 2d 182 (1957); Annot., Juror—Communication With Outsider, 64 A.L.R. 2d 158 (1959). With instructions such as this one as a guide, jury misconduct has become rare, and there are few recent cases in our State dealing with the problem.

It is well-settled law in this State that the determination of the trial court on the question of juror misconduct will be reversed only where an abuse of discretion has occurred. *O'Berry v. Perry,* 266 N.C. 77, 145 S.E. 2d 321 (1965); *Brown v. Products Co.,* 5 N.C. App. 418, 168 S.E. 2d 452 (1969); 7 Strong, N. C. Index 2d, Trial, § 50 (1968). The reason for the rule of discretion is apparent. Misconduct is determined by the facts and circumstances in each case. The trial judge is in a better position to investigate any allegations of misconduct, question witnesses and observe their demeanor, and make appropriate findings.

If prejudicial misconduct is found, the court has the discretionary power to withdraw a juror at any time and to declare a mistrial. *Greer v. Bank,* 202 N.C. 220, 162 S.E. 233 (1932); 2 McIntosh, N. C. Practice, § 1543 (2d Ed. 1956).

Our courts have generally refused to find an abuse of discretion in cases containing allegations of jury misconduct, but in each case the record shows that the trial court conducted a careful, thorough investigation, including an examination of the juror involved when warranted and concluded that the conduct had not prejudiced the jury on any key issue. *O'Berry v. Perry, supra; Keener v. Beal,* 246 N.C. 247, 98 S.E. 2d 19 (1957); *Wright v. Holt,* 18 N.C. App. 661, 197 S.E. 2d 811 (1973), *cert. denied,* 283 N.C. 759, 198 S.E. 2d 729 (1973); *Brown v. Products Co., supra.*

In *O'Berry,* after the jury had returned a verdict for the plaintiff, the defendant moved for a new trial on the basis of a meeting between a juror, the plaintiff, and a witness for the plaintiff. The trial court made an immediate investigation, found that they had walked to lunch together; that they had talked about fishing and not about the case; and that there had been no effect on the verdict. The court even examined the sheriff for his opinion of the juror's character and reputation. Writing for the Court, Justice Sharp (now Chief Justice) relied upon the trial court's extensive investigation, found no abuse of discretion in the denial of defendant's motion and noted that instructions such as the one in this case may not always be adequate to control jury misconduct. We would agree that where instructions fail to prevent alleged misconduct, an investigation may be required; and if prejudicial misconduct is found, circumstances may warrant a mistrial, a contempt citation, or any appropriate action by the trial court.

In *Stone v. Baking Co.,* 257 N.C. 103, 125 S.E. 2d 363 (1962), the court found no abuse of discretion where the trial court had refused to examine the juror accused of misconduct, but there, the movant could not identify the person with whom the juror allegedly spoke, and the content of the conversation, as reported by the movant, was devoid of any reference to the trial or any issues therein.

While the appellate courts in this State have enunciated the general rule of discretion in juror discussions with parties and witnesses, they have never been called upon to rule on alleged discussions solely among jurors before the time for deliberation in the jury room. Appellate courts in several other jurisdictions have confronted the problem of alleged juror misconduct resting solely upon conversations among jurors outside

the jury room, and have uniformly adhered to the principle that such conduct is improper. *Winebrenner v. United States,* 147 F. 2d 322 (8th Cir. 1945) ; *Glascow Realty Co. v. Metcalfe,* 482 S.W. 2d 750 (Ky. Ct. App. 1972) ; *City of Pleasant Hill v. First Baptist Church,* 1 Cal. App. 3rd, 384, 82 Cal. Rptr. 1 (1969) ; *People v. Carr,* 370 Mich. 251, 121 N.W. 2d 449 (1963). An examination of the jurors involved in the alleged misconduct to determine prejudicial effect is generally not required where the witness did not hear any of the content of the conversation and the allegations are nebulous. *Wilson v. California Cab Co.,* 125 Cal. App. 383, 13 P. 2d 758 (1932) ; *Glascow Realty Co. v. Metcalfe, supra; Commonwealth v. Clore,* 438 S.W. 2d 498 (Ky. Ct. App. 1969). But an examination will generally be required where some prejudical content is reported. *St. Louis S. Ry. v. Gregory,* 387 S.W. 2d 27 (Tex. 1965) ; *Cloudt v. Hutcherson,* 175 S.W. 2d 643 (Tex. Civ. App. 1943) ; *Rowe v. Shenandoah Pulp Co.,* 42 W. Va. 551, 26 S.E. 320 (1896). Since the need for an examination of the juror to determine prejudicial effect depends upon all the facts and circumstances involved, it may be required in some cases even when the content is unknown. *O'Berry v. Perry, supra; Smith v. Brown,* 102 Cal. App. 477, 283 P. 132 (1929).

The precautionary instructions of the trial court in this case, that it was the duty of the jurors not to form or express an opinion on the merits of the cause until submission of the case to them, is indicative of the law in this State and elsewhere. See 89 C.J.S. Trial, § 460 b (1955). Every violation of these instructions is not such prejudicial misconduct as will vitiate the verdict. However, we do not accept the argument of the State that there can be no reversible error for jurors to form and express an opinion before deliberations since they have the right to discuss the evidence and express opinions once they are in the jury room. In this case the trial court denied the defendant's timely motion based on the uncontradicted testimony of a disinterested witness to call the juror who allegedly formed and expressed an opinion on the crucial issue of self-defense, and the court denied the motion for mistrial without determining the truth about the alleged misconduct and, if true, the effect of the juror's statement upon other jurors who heard him.

Reversible error may include not only error prejudicial to a party but also error harmful to the judicial system. Basic principles of proper juror conduct should not be ignored by

the trial court. We find that under the circumstances of this case the denial of the defendant's motions for mistrial and to call the juror as a witness, or to otherwise investigate and determine the alleged juror misconduct, was error, and we order a

New trial.

Judges BRITT and PARKER concur.