STATE OF NORTH CAROLINA v. LAWRENCE McADOO, ANTHONY JONES AND COY KIRKPATRICK

No. 7715SC794

(Filed 21 February 1978)

1. **Criminal Law § 101.1— statement by prospective juror—prior crime by defendant—denial of mistrial**

   A prospective juror's statement during *voir dire* examination that he knew one of the defendants because such defendant "had tried to lift a power saw from me" was not so prejudicial as to require a mistrial where the prospective juror thereafter stated in the presence of other members of the panel that defendant was found not guilty on that charge, and where there is nothing in the record to indicate that defendants were prevented from questioning the jurors on *voir dire* as to what weight they gave to the prospective juror's statement.

2. **Constitutional Law § 72— testimony by codefendant—incriminating statements made by defendant**

   A codefendant was properly allowed to testify as to statements made to him by defendant which tended to implicate defendant where defendant had the right to cross-examine the codefendant.

3. **Criminal Law § 89.3— corroboration—hearsay statement by another**

   In this prosecution for attempted safecracking, breaking or entering and larceny, testimony by a police officer that a codefendant told the officer that defendant did not enter the building until the police car came by was not admissible to corroborate defendant's testimony since the testimony was not a prior consistent statement of defendant but was a hearsay statement by another person.

4. **Criminal Law § 114.2— instructions—no expression of opinion**

   The trial judge did not express an opinion on the evidence when, in instructing on the contentions of the parties, he stated that "of course they [the defendants] contend," or when he stated that "the State contends . . . the testimony of the defendant McAdoo, which the State contends, that you should not believe certainly in that respect."

5. **Criminal Law § 118.2— statement of State's contentions—inferences from evidence—no expression of opinion**

   In this prosecution for attempted safecracking, breaking or entering and larceny in which one defendant testified that he did not go into the building with the codefendants but waited outside and only went in after a police car had passed, the trial court did not assume facts not in evidence when he instructed the jury that the State contended defendant should have gone to his girl friend's apartment or elsewhere, that he would not have gone into the building to keep persons who were not close friends out of trouble, and that he would not have stood outside the building at 1:30 a.m. without knowing what was going on, since such contentions could properly be inferred from the evidence.

APPEAL by defendants from *Fountain, Judge.* Judgment entered 23 February 1977 in Superior Court, ALAMANCE County. Heard in the Court of Appeals 31 January 1978.

The three defendants have appealed from sentences imposed in Alamance County after each of them was convicted of attempted safecracking, felonious breaking or entering and felonious larceny. The defendants' assignments of error are discussed in the opinion.

On 14 November 1976, officers with the City of Burlington Police Department entered the building of Burlington Farm Services, Inc. at approximately 2:00 a.m. after it was noticed that a window in the building had been broken. The building had been closed for the night. The officers found the three defendants lying in a fertilizer bin inside the building. The officers observed a safe in the building with the door partially damaged. The manager of Farm Services, Inc. testified that there were six chain saws missing from the building when he entered after being called by the police in the early morning hours of 14 November 1976.

While the jury was being selected, the District Attorney asked a Mr. Gilliam, one of the prospective jurors, if he knew any of the defendants. The juror stated that he knew defendant Kirkpatrick because Kirkpatrick "had tried to lift a power saw from [me]." The court, on its own motion, excused the prospective juror. Mr. Kirkpatrick's attorney was then permitted to ask the juror, while the juror was seated in the courtroom and in the presence of all other members of the panel, if it were not a fact that Kirkpatrick was found not guilty of this charge. The juror answered "yes." All defendants made a motion for mistrial which was denied.

Defendant McAdoo took the witness stand and, among other matters, testified over the objection of defendant Jones, to several statements made to him by Jones which tended to implicate Jones.

*Attorney General Edmisten, by Assistant Attorney General Claude W. Harris, for the State.*

*Angela R. Bryant, for defendant appellant, Lawrence McAdoo.*

*Daniel H. Monroe, for defendant appellant, Anthony Jones.*

*Hemric and Hemric, P.A., by W. Kelly Elder, Jr. and H. Clay Hemric, Jr., for defendant appellant, Coy Kirkpatrick.*

WEBB, Judge.

[1] Each of the defendants assigns as error the failure of the trial judge to grant motions for mistrial made by each defendant when a prospective juror said that he knew the defendant Kirkpatrick because Kirkpatrick "had tried to lift a power saw from [me]." Each relies on *State v. Drake*, 31 N.C. App. 187, 229 S.E. 2d 51 (1976). In that case, a disinterested witness overheard a juror express the opinion after the State's evidence was complete, but before the defendant had offered evidence, that the defendant would probably offer evidence of self-defense which he, the juror, felt would be manufactured. In *Drake*, a new trial was ordered because the court did not conduct an investigation by calling the juror as a witness or otherwise. The defendants contend this case is governed by *Drake*.

We believe this case is distinguishable from the *Drake* case. In *Drake*, the jury had been selected and the trial was in progress. The defendant's attorney made a motion to call the juror for examination and the motion was denied. There was no opportunity in *Drake* to determine if the jury failed to follow the court's mandate not to reach any conclusion until all the evidence was heard and the jury charged. In this case, there is no showing that any of the parties did not have adequate opportunity to question the jury as to any prejudicial effect the statement of Mr. Gilliam may have had.

It was prejudicial to the defendants that a juror announced in open court that one of the defendants had tried to steal a chain saw from him. This prejudice was only partly cured by the juror's statement that the defendant was found not guilty of this charge. The question which we face is whether this statement is so prejudicial as to require a new trial. We hold that it is not. There is nothing in the record to show that any defendant was prevented from questioning the jury on *voir dire* as to what weight they gave Mr. Gilliam's statement. Without any more than has been shown on this record, we cannot hold the defendants are entitled to a new trial.

[2] The defendant, Anthony Jones, assigns as error the allowance of testimony by defendant McAdoo as to what Jones had told him. Defendant Jones cites *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed. 2d 476 (1968) and *State v. Fox*, 274 N.C. 277, 163 S.E. 2d 492 (1968) in support of this contention. The rule of *Bruton* precludes the use of a confession by a nontestifying defendant if it implicates a codefendant. The rationale of this rule is that it prevents the codefendant from confronting the defendant who is a witness against him. Under *Bruton*, if the defendant who makes the confession testifies, the codefendant cannot exclude the confession. Jones properly states in his brief that he had the right to cross-examine McAdoo. We believe this right makes admissible McAdoo's testimony as to what Jones told him. Admissions by defendants in criminal actions have been admissible in our courts for many years. *See 2 Stansbury's N.C. Evidence*, § 167 n. 20 (Brandis rev. 1973), citing many cases. This assignment of error is overruled.

[3] Defendant McAdoo assigns as error the exclusion of offered testimony by one of the police officers that defendant Jones told the officer that McAdoo did not enter the building until the police car came by. McAdoo contends that this evidence would have corroborated his own testimony. We note that the testimony offered in corroboration of McAdoo was not a prior consistent statement by McAdoo, but a hearsay statement by Jones. *1 Stansbury's N.C. Evidence*, § 52 (Brandis Rev. 1973), at page 153 says:

> "The grounds upon which the witness's own prior statements are admitted do not justify the reception of *another person's* extrajudicial statements, and such statements would seem to be inadmissible hearsay unless they fall within some exception to the hearsay rule or are offered to impeach or corroborate the declarant's own testimony in the case."

This assignment of error is overruled.

[4, 5] As his final assignment of error, defendant McAdoo says that the trial judge expressed an opinion on the evidence while stating the contentions of the parties. At one point, the judge said "of course they [the defendants] contend." Defendant McAdoo argues that this implies an untruth as to McAdoo. We cannot accept this implication. The court also said "[t]he State contends . . .

the testimony of the defendant McAdoo, which the State con-
tends, that you should not believe, certainly in that respect."
Defendant McAdoo contends this is error under *State v.
Rhinehart*, 209 N.C. 150, 183 S.E. 388 (1935). We do not believe
the *Rhinehart* case is controlling. In that case, the trial judge
made several statements which our Supreme Court held put too
much emphasis on the good character of the State's witnesses and
the unreasonableness of defendant's testimony. In this case, we
believe the court gave a fair statement of the State's contention
without expressing an opinion. The defendant McAdoo offered
evidence that he did not go into the building with the other de-
fendants, but waited outside and only went in after the police car
had passed the building the first time. The court in giving the
contention of the State on this point said:

> "[T]he State contends . . . that McAdoo . . . that he could have
> gone back to his girl friend's apartment nearby; that he could
> have gone home into Orange County if he had wished to; and
> that he would not have gone into a building about which he
> knew nothing to get two men out who were not particularly
> close friends of his to keep them from getting in trouble nor
> the State contends would he have stood outdoors after 1:30
> at night on a railroad track not knowing what was going on
> or what his purpose was in being there."

Defendant McAdoo complains that this statement of the conten-
tion of the State involves assumptions of evidence not supported
by the record. He contends that his evidence shows that he knew
why he was there, and there was no evidence his girl friend had
an apartment nearby.

Reading this portion of the charge contextually, we believe it
fairly states the contention of the State without expressing an
opinion. We believe that reading the entire record, the State
could contend the defendant McAdoo was contending he did not
know why he was there and the State could legitimately contend
McAdoo should have gone to his girl friend's apartment or
somewhere other than standing outside a building while he knew
or should have known it was being broken into by persons he had
accompanied to the building.

In the trial we find

No error.

Judges BRITT and HEDRICK concur.