STATE OF NORTH CAROLINA v. WILLIE ANTHONY MOBLEY

No. 8626SC1020

(Filed 4 August 1987)

**1. Criminal Law § 66.11— pretrial identification at crime scene— procedures not impermissibly suggestive**

   A larceny victim's out-of-court identification of defendant was not imper-
   missibly suggestive so as to require suppression of the victim's in-court iden-
   tification of defendant where the victim saw someone trying to drive away his
   truck; when the truck stalled, the victim opened the truck door, tried to pull
   the driver out of the truck, and tried to grab the driver after he wrecked and
   got out of the truck; the victim had a chance to view the driver for five to
   eight seconds during the incident; the victim's description of the driver and his
   clothing matched that of defendant and the clothing defendant was wearing
   when he was picked up by the police a short time later; a police officer re-
   turned to the crime scene with two men in the back seat of the police car, and
   the victim immediately identified defendant as he emerged from the police car;
   and the identification took place within an hour after the offense occurred.

**2. Criminal Law § 101.1— statement by prospective juror—curative instruction insufficient**

   The trial court's curative instruction was insufficient to cure prejudice
   from a potential juror's statement during *voir dire* that he was a policeman
   and that he had had "dealings with the defendant on similar charges." On
   defendant's motion to dismiss the jurors who heard the statement, the trial
   court was required, at the least, to make inquiry of the other potential jurors
   as to the effect of the statement, and the most prudent option for the court
   would have been to dismiss the jurors who heard the statement and start over
   with jury selection.


APPEAL by defendant from *Friday, Judge*. Judgment entered
17 April 1986 in Superior Court, MECKLENBURG County. Heard in
the Court of Appeals on 12 February 1987.

   *Attorney General Lacy H. Thornburg by Assistant Attorney
General William B. Ray for the State.*

   *Wishart, Norris, Henninger & Pittman by Alan R. Krusch for
defendant appellant.*


COZORT, Judge.

   Defendant was tried upon proper indictments charging him
with (1) one count of larceny of an automobile, N.C.G.S. § 14-72,
and (2) one count of misdemeanor hit and run resulting in proper-

ty damage, N.C.G.S. § 20-166. On appeal defendant alleges that the trial court committed prejudicial error by denying defendant's motion to dismiss the jurors because of a juror's statement that he was a police officer and had previous "dealings with the defendant on similar charges." We believe the trial court erred by failing to determine whether the juror's statement had any effect on the other jurors, and we grant defendant a new trial.

The State's evidence tended to show that on 31 December 1985 Calvin Jones, Jr., parked his 1974 Ford truck, valued at about four thousand dollars ($4,000.00), at his girlfriend's home in Charlotte at about 4:00 to 5:30 p.m. While Jones was inside his girlfriend's house, she asked him if that was his truck being started outside. Remembering he had left his keys in the truck, Jones went to the door and saw the truck had been backed into the street. Jones walked over to the truck, which had stalled. Jones opened the truck door as the driver was trying to start the engine. He observed the face of the driver for less than five seconds. The driver got the truck started, stomped on the gas, and lost control of the truck. The truck went across the street through a fence and ran up on the porch of a residence. Jones chased the driver and saw the driver's face again for one or two seconds. Jones grabbed the driver, and the driver fell down. The driver got up and ran away.

The police were called and Jones described the driver of his truck to the police officer as "short and dark skinned, and he had his hair cut short, and he didn't have a beard or anything, and he had on a blue jean-like jacket and some blue jean pants, like." The police officer asked Jones to stay at his girlfriend's house because they had stopped a man matching the description given by Jones. In forty-five minutes to an hour the police officer returned with two men in the back seat of the police car.

The police officer testified that he "told [Jones] that one of these guys might have been the guy involved in the larceny of his vehicle." When the first man emerged from the patrol car Jones told the officer he was not the driver. As the second man, the defendant herein, was getting out of the car, Jones asked him to take the scarf off his head. Jones immediately identified him as the driver of the truck. Jones testified that it was "kind of dark" but there was a street light overhead, the light was on in the

patrol car, and the two police officers standing outside had flash-lights. The police officer testified it was about 6:00 p.m. when the identification was made, and it had started raining slightly. Jones identified the defendant in court as being the driver of his truck.

The defendant's evidence tended to show that the defendant spent the night on 30 December 1985 at his sister's home in Char-lotte. On the morning of 31 December 1985, the defendant and Kevin Woodard, his sister's son, left the house and were together throughout the morning. The two men did some drinking and later went to a friend's house at approximately 1:30 p.m. They stayed at the friend's house for a short time and drank some more while waiting for the friend's son.

Woodard left the friend's house at approximately 4:30 p.m. or 4:45 p.m., and the defendant was still there. Woodard testified it was not dark at this time, but it had started drizzling rain. Wood-ard then walked to a service station on Interstate 77, which took him about thirty minutes to an hour. The next time Woodard saw defendant, defendant was getting out of a friend's car, and they started to go get a beer when a police officer pulled up. The police officer asked them to accompany him, and the defendant and Woodard got in the patrol car.

The police officer took the defendant and Woodard to see Jones. When the defendant and Woodard got out of the car, Jones identified the defendant as the one who tried to steal his truck.

The jury returned verdicts of guilty on both charges. The defendant was sentenced to three (3) years active term on the larceny charge, and was given a two-year suspended sentence, to run consecutively to the active term, on the hit and run charge.

Before turning our attention to the primary issue on this ap-peal, the statement by the juror, we deem it appropriate to first consider defendant's assignment of error that the evidence was not sufficient to go to the jury. The defendant contends there was no substantial evidence that he was the perpetrator of the of-fense. Defendant contends that the only evidence identifying him as the perpetrator of this offense is Jones' identification of him the evening of the incident. He argues that the identification should have been suppressed and that, without Jones' identifica-tion, the State had no case against him. We disagree.

State v. Mobley

[1] First, we disagree with defendant's contention that the trial court should have granted defendant's motion to suppress the in-court identification of the defendant by Jones. The defendant contends that the out-of-court identification process was impermissibly suggestive and violated defendant's constitutional right to due process of law. Defendant alleges that the circumstances in this case suggest the probability of misidentification. We do not agree.

> Pretrial showup identifications, though they are suggestive and unnecessary, are not, however, *per se* violative of a defendant's due process rights. *Manson v. Brathwaite*, 432 U.S. 98, 53 L.Ed. 2d 140 (1977). The primary evil to be avoided is the substantial likelihood of misidentification. *Neil v. Biggers*, 409 U.S. at 198, 34 L.Ed. 2d at 410. *See also State v. Oliver*, 302 N.C. at 45, 274 S.E. 2d at 194. Whether there is a substantial likelihood of misidentification depends on the totality of the circumstances.
>
>> The factors to be considered . . . include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation. Against these factors is to be weighed the corrupting effect of the suggestive identification itself.
>
> *State v. Turner*, 305 N.C. at 364, 289 S.E. 2d at 373-74 (*quoting Manson v. Brathwaite*, 432 U.S. at 114, 53 L.Ed. 2d at 154). If under the totality of the circumstances there is no substantial likelihood of misidentification, then evidence of pretrial identification derived from unnecessarily suggestive pretrial procedures may be admitted. *State v. Turner*, 305 N.C. 356, 289 S.E. 2d 368; *State v. Oliver*, 302 N.C. 28, 45, 289 S.E. 2d 183, 194.

*State v. Flowers*, 318 N.C. 208, 220, 347 S.E. 2d 773, 781 (1986).

The evidence below shows that Jones had a chance to view the defendant for a period of approximately five to eight seconds during the incident. Jones was very intent on seeing the defendant as he tried to pull him out of the truck and tried to grab him

after he got out of the truck. Jones described the defendant as short, dark skinned, with short hair, no beard, and wearing a blue jean-like jacket and some blue jean pants. This description fit the defendant when he was picked up by the police officer a short time later. Jones identified defendant immediately as he emerged from the police car. The identification took place within an hour after the offense took place, after the police officer stated to Jones that "one of these guys might have been the guy involved in the larceny of his vehicle."

We hold that under the totality of the circumstances test the out-of-court identification of defendant was not so impermissibly suggestive as to violate defendant's constitutional right to due process of law. The trial court did not commit prejudicial error in denying defendant's motion to suppress the in-court identification based on the out-of-court identification process.

With the evidence of Jones' identification of defendant having been properly admitted, we find the evidence, when viewed in the light most favorable to the State, *State v. Diaz*, 317 N.C. 545, 546-47, 346 S.E. 2d 488, 490 (1986), is sufficient to defeat the motion to dismiss the charges. Jones, the eyewitness, identified defendant as the perpetrator of the offense. That evidence was enough to take the case to the jury.

[2]  We now turn to the definitive issue in this case, the defendant's contention that the trial court committed prejudicial error by denying defendant's motion to dismiss the jurors. Defendant argues that all the jurors should have been dismissed because one juror, who identified himself as a police officer, stated that he had "dealings with the defendant on similar charges." Under the circumstances presented in this case, we agree with defendant.

During jury selection, a potential juror stated:

A JUROR: I am a policeman . . . and I have also had dealings with the defendant on similar charges.

THE COURT: Beg your pardon?

THE JUROR: I have also had dealings with the defendant on similar charges.

The trial court excused the juror and instructed the jury:

THE COURT: Ladies and Gentlemen of the Jury, the Court will ask the jury to strike from their mind any reference the officer may have made to the defendant because it is not evidence in the case. Completely strike it out. Thank you very much.

The defendant's attorney made a motion to dismiss the jurors based on the officer's statements concerning the defendant. The trial court denied defendant's motion to dismiss.

In *State v. McAdoo*, 35 N.C. App. 364, 241 S.E. 2d 336, *disc. rev. denied*, 295 N.C. 93, 244 S.E. 2d 262 (1978), this Court held that not every prejudicial statement by a juror would entitle the defendant to a new trial. In *McAdoo*, a prospective juror stated he knew the defendant because defendant "had tried to lift a power saw from [me]." *Id.* at 365, 241 S.E. 2d at 337. The trial court excused the juror on its own motion. The defendant's attorney was allowed to ask the juror in the presence of all the other members of the panel if it was not a fact that defendant was found not guilty of this charge. The juror answered affirmatively. *Id.* On appeal, this Court held that the statement was not so prejudicial as to warrant a new trial because there was nothing in the record to show the defendant was prevented from questioning the jurors on *voir dire* as to the weight they gave the juror's testimony. *Id.* at 366, 241 S.E. 2d at 338. This Court distinguished the situation in *McAdoo* from the facts in *State v. Drake*, 31 N.C. App. 187, 229 S.E. 2d 51 (1976). In *Drake*, the trial court was faced with an allegation that one juror made a statement to another juror questioning the honesty of the defendant. The statement occurred in the coffee shop during a recess. The trial court denied defendant's motion for a mistrial. The Court of Appeals ordered a new trial, finding that it was error for the trial court to deny the motion for a mistrial without determining the truth of the allegation and, if true, its effect on other jurors who heard it. *Id.* at 192, 229 S.E. 2d at 55.

We believe the trial court's denial of the defendant's motion to dismiss the remaining jurors in the case below brings this case in line with *Drake* and distinguishes it from *McAdoo*. A statement by a police officer-juror that he knows the defendant from "similar charges" is likely to have a substantial effect on other jurors. The potential prejudice to the defendant is obvious. On the de-

fendant's motion to dismiss the other jurors, the trial court, at the least, should have made inquiry of the other jurors as to the effect of the statement. The more prudent option for the trial court would have been to dismiss the jurors who heard the statement and start over with jury selection. In any event, the attempted curative instruction was simply not sufficient. The defendant is entitled to a

New trial.

Judges MARTIN and PARKER concur.