IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA17-75

 Filed: 5 July 2017

Duplin County, Nos. 13 CRS 050960-61

STATE OF NORTH CAROLINA

 v.

MARIE ANTOINETTE LYNCH

 Appeal by defendant from judgments entered 17 December 2015 by Judge

Phyllis M. Gorham in Duplin County Superior Court. Heard in the Court of Appeals

7 June 2017.

 Attorney General Joshua H. Stein, by Assistant Attorney General Barry Bloch,
 for the State.

 Appellate Defender Glenn Gerding, by Assistant Appellate Defender Wyatt
 Orsbon, for defendant.

 DIETZ, Judge.

 Defendant Marie Antoinette Lynch appeals her conviction and sentence on

multiple drug trafficking charges. She argues that the trial court should have

declared a mistrial after a prospective juror, in the presence of the rest of the jury

pool, stated that “I’ve seen her (Lynch) around” and “I believe she did it.” The trial

court immediately dismissed that prospective juror and gave a lengthy curative

instruction to the jury pool.

 As explained below, in light of the trial court’s curative instruction, the trial

court’s decision not to declare a mistrial was within the court’s sound discretion.
 STATE V. LYNCH

 Opinion of the Court

 Lynch also argues that the there is a clerical error in the judgment form

because the court indicated that it would arrest judgment on the trafficking by

delivery charge but failed to do so on the judgment form. We reject this argument

because, although the court indeed indicated that it was “going to arrest judgment”

on that charge at trial, at the sentencing hearing the court stated that it would

instead consolidate all the trafficking charges into a single sentence. Thus, to the

extent there is an error in the court’s judgment, it is not a clerical one. Because this

is the only ground on which Lynch challenges her sentence on appeal, we find no error

in the trial court’s judgment.

 Facts and Procedural History

 The State indicted Lynch for a number of drug trafficking offenses involving

the sale of opium. The jury acquitted Lynch of some charges but found her guilty of

trafficking in opium by sale; trafficking in opium by delivery; trafficking in opium by

possession; and a number of related charges. The jury also found Lynch guilty of

attaining habitual felon status.

 Lynch was present for the first day of trial but failed to appear on later days.

After the jury returned the verdict, the court continued the proceeding in order to

sentence Lynch when she was present. Several weeks later, with Lynch present, the

court consolidated the three trafficking convictions and sentenced her to 70 to 93

 -2-
 STATE V. LYNCH

 Opinion of the Court

months in prison for those charges and a concurrent sentence of 67 to 93 months in

prison on other related charges. Lynch timely appealed.

 Analysis

 I. Motion for Mistrial

 Lynch first argues that the trial court erred by denying her motion for a

mistrial after a prospective juror stated in the presence of the jury pool that he had

seen Lynch around and “I believe she did it.” Lynch contends that the prospective

juror’s statement prejudiced the jury and that the trial court failed to conduct an

adequate inquiry of all jurors to determine whether they heard the statement, the

effect of such statement, and whether they could disabuse their minds of the harmful

effects of the comments. We disagree.

 It is well established that “[t]he judge must declare a mistrial upon the

defendant’s motion if there occurs during the trial an error or legal defect in the

proceedings, or conduct inside or outside the courtroom, resulting in substantial and

irreparable prejudice to the defendant’s case.” State v. McCollum, 157 N.C. App. 408,

415, 579 S.E.2d 467, 471 (2003), aff’d, 358 N.C. 132, 591 S.E.2d 519 (2004). But “[t]he

decision whether to grant a motion for mistrial rests within the sound discretion of

the trial judge and will not ordinarily be disturbed on appeal absent a showing of

abuse of that discretion.” State v. Boyd, 321 N.C. 574, 579, 364 S.E.2d 118, 120 (1988).

“An abuse of discretion occurs only upon a showing that the judge’s ruling was so

 -3-
 STATE V. LYNCH

 Opinion of the Court

arbitrary that it could not have been the result of a reasoned decision.” State v.

Salentine, 237 N.C. App. 76, 81, 763 S.E.2d 800, 804 (2014) (citation and quotation

marks omitted).

 Here, a prospective juror made the unsolicited statement during jury selection

that “I’ve seen her around Beulaville, I believe she did it.” Lynch then moved for a

mistrial, arguing that the statement irreparably prejudiced the jury. The trial court

denied Lynch’s motion and indicated that it would instruct the jury to cure any

potential for prejudice. The court dismissed the juror who made the comment.

 The trial court later instructed the jury pool as follows:

 All right. Ladies and gentlemen of the jury pool, I’m
 gonna give you an instruction. I’ve already instructed you
 earlier, but I’m going to instruct you again that the
 Defendant has entered a plea of not guilty. Under our
 system of justice a Defendant who pleads not guilty is not
 required to prove their innocence, but is presumed to be
 innocent. This presumption remains with the Defendant
 throughout the trial until the jury selected to hear the case
 is convinced from the facts and the law beyond a reasonable
 doubt of the guilt of the Defendant. The burden of proof is
 on the State to prove to you that the Defendant is guilty
 beyond a reasonable doubt.

 There’s no burden or duty of any kind on the
 Defendant. The mere fact that a Defendant has been
 charged with a crime is no evidence of guilt. The charge is
 merely the mechanical or administrative way by which any
 person is brought to a trial.

 At this point, ladies and gentlemen, you are to
 disregard any statement that juror number nine made
 during this jury selection. You are not to consider any

 -4-
 STATE V. LYNCH

 Opinion of the Court

 statement made by any juror during this jury selection if
 you are chosen to sit as a juror and hear the evidence in
 this case.

 From the record, we see no indication that Lynch asked the trial court to

conduct an inquiry into whether the statement was heard by other potential jury

members, the effect of such statement, and whether the prospective jurors could

disabuse their minds of any prejudice resulting from the statement.

 Lynch cites State v. Mobley, 86 N.C. App. 528, 358 S.E.2d 689 (1987), for the

proposition that the prejudicial effect of the prospective juror’s statement was obvious

and required a mistrial as a matter of law. In Mobley, a potential juror who identified

himself as a police officer stated that he had “dealings with the defendant on similar

charges.” Id. at 532, 358 S.E.2d at 691. The trial court excused the juror and

instructed the jury that they “strike from their mind any reference the officer may

have made to the defendant because it is not evidence in the case. Completely strike

it out.” Id. at 533, 358 S.E.2d at 691. The defendant moved to dismiss the jurors based

on the officer’s statements and the trial court denied the motion. Id. at 533, 358

S.E.2d at 691–92. This Court held that the defendant was entitled to a new trial

because the potential prejudice was obvious and the trial court should have dismissed

the jury pool and started over:

 A statement by a police officer-juror that he knows the
 defendant from “similar charges” is likely to have a
 substantial effect on other jurors. The potential prejudice
 to the defendant is obvious. On the defendant’s motion to

 -5-
 STATE V. LYNCH

 Opinion of the Court

 dismiss the other jurors, the trial court, at the least, should
 have made inquiry of the other jurors as to the effect of the
 statement. The more prudent option for the trial court
 would have been to dismiss the jurors who heard the
 statement and start over with jury selection. In any event,
 the attempted curative instruction was simply not
 sufficient.

Id. at 533–34, 358 S.E.2d at 692.

 Lynch also cites State v. Howard, 133 N.C. App. 614, 515 S.E.2d 740 (1999), a

case that followed Mobley. In Howard, a prospective juror stated that she had worked

at the county jail and knew one of the defendants “from there.” Id. at 615, 515 S.E.2d

at 741. The trial court dismissed some jurors who heard the response and had already

been seated but kept another juror who might have heard the statement. Citing

Mobley, this Court again ordered a new trial, explaining that “[w]e do not perceive

any sound reason to distinguish the situation in the case before us from that in

Mobley.” Id. at 618–19, 515 S.E.2d at 743.

 We find these two cases distinguishable for several reasons. First, the

prospective jurors who made the statements in Mobley and Howard were employed

in the criminal justice system and thus their familiarity with those defendants and

their criminal past likely carried more weight—and thus more potential for

prejudice—than an ordinary citizen who merely knew the defendant from the

community.

 -6-
 STATE V. LYNCH

 Opinion of the Court

 Second, the comments from the prospective jurors in Mobley and Howard

indicated that the defendants in those cases had a criminal history. Because people

assume (often incorrectly) that those with a criminal history are more likely to

commit future crimes, knowledge that a defendant has a criminal past poses a

significant risk of prejudice. Indeed, it is precisely because of these concerns that the

Rules of Evidence restrict the State’s ability to inform jurors of a defendant’s criminal

history or prior bad acts. See N.C. R. Evid. 404; State v. Carpenter, 361 N.C. 382, 387–

88, 646 S.E.2d 105, 109–10 (2007).

 Here, by contrast, the prospective juror stated only that he “believed” Lynch

was guilty based on his familiarity with her in the community, without stating any

specific reasons why. This is critical because it meant the jury had not learned any

facts about Lynch that were outside the record in this case. They heard only the

unsupported speculation of a fellow citizen.

 Finally, the trial court in this case took extensive steps to remove any risk of

prejudice by giving a lengthy curative instruction to ensure that the jury understood

they must base their decision on the evidence presented, not on the unsupported

speculation of the dismissed juror.

 We note that the remark by the dismissed juror was not recorded, but that the

parties agree it was made in the presence of the trial judge. Trial judges are uniquely

situated to assess the potential prejudice of this sort of unsolicited statement by a

 -7-
 STATE V. LYNCH

 Opinion of the Court

member of the jury pool. In light of the trial court’s curative instruction, we hold that

the trial court acted well within its sound discretion in denying Lynch’s motion for a

mistrial. Accordingly, we reject Lynch’s argument.

 II. Alleged Clerical Error in the Judgment

 Lynch next argues that there is a clerical error in the trial court’s judgments

and we must remand the judgment to correct that error. Again, we disagree.

 “A clerical error is defined as an error resulting from a minor mistake or

inadvertence, especially in writing or copying something on the record, and not from

judicial reasoning or determination.” State v. Gillespie, 240 N.C. App. 238, 245, 771

S.E.2d 785, 790, rev. denied, 368 N.C. 353, 777 S.E.2d 62 (2015) (internal quotation

marks and brackets omitted). “Generally, clerical errors include mistakes such as

inadvertent checking of boxes on forms . . . or minor discrepancies between oral

rulings and written orders . . . .” In re D.D.J., 177 N.C. App. 441, 444, 628 S.E.2d 808,

811 (2006).

 Here, although the trial court stated after the jury returned the verdict that it

was “going to arrest judgment” on the trafficking by delivery charge, the court did not

pronounce the sentence at that time because Lynch failed to appear after the first

day of trial. At the sentencing hearing several weeks later, with Lynch present, the

trial court announced that the jury found Lynch “guilty of Counts I, II, and III of

trafficking in opium.” Those counts were the charges of trafficking by sale, trafficking

 -8-
 STATE V. LYNCH

 Opinion of the Court

by delivery, and trafficking by possession. The court then stated that it was “going to

consolidate the trafficking offenses into one judgment.” The judgment form reflects

that these three offenses were consolidated and that Lynch received a single,

consolidated sentence for the three offenses.

 On these facts, the trial court’s failure to arrest judgment on the delivery

offense was not a mere clerical error. This is not a case in which the judgment failed

to conform to the court’s oral ruling in a manner that suggests a mistake in

recordation. Rather, despite having previously indicated that it would arrest

judgment on the delivery offense, when it announced its judgment at the sentencing

hearing, the court stated that it would consolidate “Counts I, II, and III”—meaning

all three trafficking offenses including Count II, the delivery offense. The judgment

accurately reflects that oral pronouncement. Thus, at most, the judgment reflects an

inconsistency between two separate judicial pronouncements by the trial court. To

the extent this is an error, it is not a clerical one. See State v. Jarman, 140 N.C. App.

198, 202, 535 S.E.2d 875, 878 (2000).

 The dissent rightly observes that our Supreme Court has instructed us to “err

on the side of caution and resolve in the defendant’s favor the discrepancy between

the trial court’s statement in open court, as revealed by the transcript, and the

sentencing form.” State v. Morston, 336 N.C. 381, 410, 445 S.E.2d 1, 17 (1994). But

this case involves more than a mere discrepancy between the court’s oral

 -9-
 STATE V. LYNCH

 Opinion of the Court

pronouncement and the judgment form; it involves a discrepancy between two

separate oral pronouncements. If that type of inconsistency were treated as clerical

in nature, it would greatly expand the ability of this Court to vacate and remand

judgments without a showing of actual error and accompanying prejudice—

something this Court has long required before vacating a trial court’s judgment.

Accordingly, we reject Lynch’s argument that the court’s judgment contains a clerical

error.

 Finally, we note that the reason the court initially stated that it would arrest

judgment on the delivery charge was Lynch’s argument (made at the conclusion of

the trial but not at the sentencing hearing) that sentencing a defendant for both sale

and delivery of the same controlled substance violates the Double Jeopardy Clause.

Lynch does not assert a Double Jeopardy argument on appeal, instead relying solely

on the clerical error argument. This Court is not permitted to address arguments not

raised on appeal. N.C. R. App. P. 28(b)(6). Thus, we cannot address any potential

constitutional concerns with the judgment. But because the trial court consolidated

the trafficking offenses into a single sentence, there does not appear to be any

prejudicial effect from the failure to arrest judgment on the delivery charge. In any

event, to the extent Lynch wishes to pursue this issue, the proper vehicle to do so is

a motion for appropriate relief in the trial court.

 - 10 -
 STATE V. LYNCH

 Opinion of the Court

 Conclusion

 We find no error in the trial court’s judgment.

 NO ERROR.

 Judge ELMORE concurs.

 Judge ARROWOOD concurring in part and dissenting in part, with separate

opinion.

 - 11 -
 No. COA17-75 – State v. Lynch

 ARROWOOD, Judge, concurring in part and dissenting in part.

 I concur in the portion of the majority’s opinion finding no error with respect

to the issue related to defendant’s motion for a mistrial. I dissent from the majority’s

holding that the matter should not be remanded for correction of a clerical error.

 In the second issue on appeal, defendant argues that the judgment in case

number 13 CRS 050960 should be remanded for correction of a clerical error.

 “A clerical error is [a]n error resulting from a minor mistake or inadvertence,

[especially] in writing or copying something on the record, and not from judicial

reasoning or determination.” State v. Lark, 198 N.C. App. 82, 95, 678 S.E.2d 693, 702

(2009) (citation and internal quotation marks omitted), disc. rev. denied, 363 N.C.

808, 692 S.E.2d 111 (2010). “It is universally recognized that a court of record has

the inherent power and duty to make its records speak the truth. It has the power to

amend its records, correct the mistakes of its clerk . . . , and no lapse of time will debar

the court of the power to discharge this duty.” State v. Cannon, 244 N.C. 399, 403,

94 S.E.2d 339, 342 (1956). Our Courts have stated that “[w]hen, on appeal, a clerical

error is discovered in the trial court’s judgment or order, it is appropriate to remand

the case to the trial court for correction because of the importance that the record

‘speak the truth.’ ” State v. Smith, 188 N.C. App. 842, 845, 656 S.E.2d 695, 696-97

(2008) (quoting State v. Linemann, 135 N.C. App. 734, 738, 522 S.E.2d 781, 784

(1999)). In State v. Jarman, 140 N.C. App. 198, 535 S.E.2d 875 (2000), this Court

stated: “[w]here there has been uncertainty in whether an error was ‘clerical,’ the
 STATE V. LYNCH

 ARROWOOD, J., concurring in part and dissenting in part.

appellate courts have opted to ‘err on the side of caution and resolve [the discrepancy]

in the defendant’s favor.’ ” Id. at 203, 535 S.E.2d at 879 (quoting State v. Morston,

336 N.C. 381, 410, 445 S.E.2d 1, 17 (1994)).

 Defendant’s judgment in case number 13 CRS 050960 lists three trafficking

convictions: trafficking opium by sale, trafficking opium by delivery, and trafficking

opium by possession. However, the trial court stated on 4 December 2015,

immediately after the jury returned its verdict, that it intended to arrest judgment

on the trafficking in opium by delivery conviction.

 [DEFENSE COUNSEL]: Your Honor, as to 12 CRS 50960,
 the December 17, 2012 offense, we would move to arrest
 judgment on the count two of the trafficking by delivery. I
 think there’s some case law that says you can’t be convicted
 or at least can’t be sentenced for delivery and sale.

 THE COURT: And a sale. All right. Wish to be heard?

 [THE STATE]: No, Your Honor.

 THE COURT: All right. Court is going to arrest judgment
 on 12 CRS 50960, count two, trafficking in opium by
 delivery. All right.

 Due to defendant’s absence during trial, the court entered a prayer for

judgment continued and an order for defendant’s arrest with no bond. Defendant was

subsequently arrested, and on 17 December 2015, the trial court commenced the

sentencing hearing. The State, without mentioning the trial court’s earlier ruling

 -2-
 STATE V. LYNCH

 ARROWOOD, J., concurring in part and dissenting in part.

that it would arrest judgment as to count two of the trafficking charges, informed the

trial court as follows:

 [THE STATE:] . . . . As you recall, Your Honor, the
 defendant was tried and convicted the week of
 November 30, 2015 in this courtroom in front of Your
 Honor, for three counts of tra[ffi]cking in opium or heroin
 or felony maintaining a place for keeping a controlled
 substance, possession of drug paraphernalia, and
 possession with intent to manufacture, sell, or deliver a
 Schedule II controlled substance. And a jury also found
 there were aggravating factors as related to this case. And
 the jury also found that she had reached the status of an
 habitual felon.

Thereafter, the trial court consolidated the trafficking convictions and sentenced

defendant to a term of 70 to 93 months.

 The State argues on appeal that the trial court “appears to have corrected its

earlier ruling that it would be arresting judgment on one of the trafficking

convictions.” However, there is no indication in the record to support this contention.

In addition, this argument fails because the trial court’s oral ruling appears to be

consistent with the North Carolina Supreme Court’s ruling in State v. Moore, 327

N.C. 378, 395 S.E.2d 124 (1990). In Moore, the Supreme Court held that while a

defendant may be indicted and tried under N.C. Gen. Stat. § 90-95(a)(1) for the

transfer of a controlled substance, whether it be by selling, delivering, or both, a

defendant could not be convicted of both the sale and delivery of a controlled

substance arising from a single transfer. Id. at 382, 395 S.E.2d at 127.

 -3-
 STATE V. LYNCH

 ARROWOOD, J., concurring in part and dissenting in part.

 In Morston, supra, the signed judgment did not comport with the trial court’s

statements in the transcript and our Supreme Court stated, “we believe that the

better course is to err on the side of caution and resolve in the defendant’s favor the

discrepancy between the trial court’s statement in open court, as revealed by the

transcript, and the sentencing form.” Morston, 336 N.C. at 410, 445 S.E.2d at 17.

 In light of the principle set forth by our Supreme Court that the better course

is to resolve a discrepancy in defendant’s favor, combined with the fact that the trial

court made no statement suggesting that it had changed its previous ruling arresting

judgment on count two which appears to be consistent with the interpretation of the

law as discussed in Moore, I would find that the judgment in case 13 CRS 050960

fails to correctly reflect the trial court’s ruling in open court. Accordingly, I would

find that the trial court’s written judgment contains a clerical error and remand the

case to the trial court for correction of this error.

 -4-